**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

SUSAN FOX, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

TIME, INC., a Delaware Corporation,

Defendant.

Case No. 4:12-cv-14390-GAD-MKM

[Hon. Gershwin A. Drain]

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Susan Fox ("Plaintiff" or "Fox") submits the following in response to this Court's November 7, 2012 Order to Show Cause ("OSC") (Dkt. No. 7):

## I. INTRODUCTION

On November 7, 2012, this Court entered the OSC requiring Fox to explain why the instant putative class action lawsuit—challenging Defendant Time, Inc.'s ("Time's") failure to comply with Michigan's Video Rental Privacy Act, M.C.L. §§ 445.1711–15 ("VRPA")—should not be dismissed pursuant to Local Rule 41.2 for failure to prosecute. (OSC, at 1.) Local Rule 41.2 provides that a court may, on its own motion, dismiss a case "when it appears that the parties have taken no action for a reasonable time . . . unless good cause is shown." L.R. 41.2. Such dismissal in this case is unwarranted.

Plaintiff Fox and her attorneys have diligently prosecuted this action and are presently waiting for Time to file its answer to the Complaint. Although Time's answer was originally due on November 2, 2012, Time's in-house attorney requested a 30-day extension from Plaintiff's counsel so that it could retain an attorney and prepare an answer. As a courtesy, Plaintiff's counsel granted Time's requested extension, and as such, Time's deadline to answer or otherwise

respond has been extended to December 3, 2012. That Plaintiff's counsel agreed to provide Time with a 30-day extension to retain counsel and prepare an answer in no way suggests inaction or justifies dismissal of this action.

Accordingly, Plaintiff Fox respectfully requests that the Court decline to dismiss this lawsuit for failure to prosecute, and allow it to proceed, with Time's answer due December 3, 2012.

## II. PROCEDURAL HISTORY

On October 3, 2012, Plaintiff Fox initiated this putative class action lawsuit alleging, *inter alia*, that Time disclosed her and the putative class members' magazine purchase histories and other sensitive personal information in violation of the VRPA. (*See* Dkt. 1.) Concurrent with the filing of her Complaint, Plaintiff also filed a motion to certify the putative class to ensure that Time could not moot or "pick off" her claims. (*See* Dkt. 2 at n.1); *see also Brunet v. City of Columbus,* 1 F.3d 390, 399−400 (6th Cir. 1993) (a "pick off" does not moot the named Plaintiffs' claims "where a motion for class certification has been pursued with reasonable diligence and is then pending before the district court.").

Also, upon filing the lawsuit, Plaintiff's counsel caused the summons to be served on Time through a special process server. Time was served with the summons and Complaint on October 12, 2012. As such, Time's deadline to answer or otherwise respond was November 2, 2012. Plaintiff's counsel filed its process server's executed Certificate of Service on October 22, 2012. (Dkt. No. 5.)

Two days later, on October 24, 2012, Time's Vice President and Deputy General Counsel of Litigation, Andrew Lachow, called Plaintiff's counsel and requested a 30-day extension of time so that it could retain counsel and adequately prepare its response. As a courtesy, and to

preserve judicial resources, Plaintiff's counsel agreed to the extension, which set December 3, 2012 as Time's new deadline. (*See* E-mail Confirmation of Extension, from Andrew Lachow to Ari J. Scharg, Oct. 24, 2012, a true and correct copy of which is attached hereto as Exhibit 1.) Unfortunately, because Time had not yet retained counsel, Plaintiff's counsel was unable to enter a stipulation apprising the Court of Time's extended deadline.

On November 7, 2012—five days after the original deadline for Time to answer had passed—the Court entered the OSC requiring Plaintiff to show why the case should not be dismissed for failure to prosecute. (Dkt. No. 7.)

## III. ARGUMENT

Far from abandoning this case, Plaintiff and her counsel have diligently prosecuted this matter, and as a professional courtesy, granted Time an extension to respond to the initial complaint. As such, Plaintiff has not failed to prosecute the action in the slightest, and dismissal is unwarranted.

The Sixth Circuit has identified four factors for assessing when a dismissal for failure to prosecute is proper: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less dramatic sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

None of the four factors militate toward dismissal in this case. First, Plaintiff's counsel agreed to Time's requested 30-day extension in good faith, to provide Time with an adequate opportunity to secure counsel and prepare a response to the Complaint and also to preserve judicial resources by avoiding needless motion practice on this issue. Second, Time was not

prejudiced by the extension—it asked for it. Third, Plaintiff's counsel granted Time the extension in the spirit of cooperation and was never aware that such a courtesy could result in dismissal of the case. Fourth, no other sanctions were considered or imposed in this case. Thus, under the Sixth Circuit's four-factor test, dismissal is wholly inappropriate.

Indeed, cases should only be dismissed on the Court's own motion in the limited instance where the plaintiff's conduct "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Mulbah*, 261 F.3d at 591 (*quoting Shepard Claims Serv. v. William Darrah and Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). The Sixth Circuit has held that periods of docket inactivity of only a few months are insufficient to warrant dismissal, especially after the plaintiff has timely served the defendant. *See Mulbah*, 261 F.3d at 591 (finding periods of inactivity of two and three months in a single case insufficient to warrant dismissal for failure to prosecute); *see also Little v. Yeutter*, 984 F.2d 160, 162–63 (6th Cir. 1993) (finding five months of docket inactivity and lack of discovery or filing of dispositive motions insufficient to warrant dismissal); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (six months of inactivity insufficient to warrant dismissal). Given that only five days passed between Time's original deadline to respond and the Court's entry of the OSC, dismissal is not warranted.

## IV. CONCLUSION

For the reasons stated above, Plaintiff Fox has sufficiently demonstrated that she has not failed to prosecute this lawsuit and that good cause exists for allowing it to proceed. As such, Plaintiff respectfully requests that the Court refrain from dismissing the case.

Dated: November 14, 2012

Respectfully submitted,

**Susan Fox**, individually and on behalf of a class of similarly situated individuals,

By: /s/ Ari J. Scharg
One of her Attorneys

Henry M. Scharg
LAW OFFICE OF HENRY M. SCHARG
302 W. Main Street
Northville, Michigan 48167
Tel: (248) 596-1111
Fax: (248) 596-1578
hmsattyatlaw@aol.com

Ari J. Scharg
EDELSON MCGUIRE, LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
ascharg@edelson.com

*Counsel for Plaintiff Susan Fox and the Putative Class*

**CERTIFICATE OF SERVICE**

I, Ari J. Scharg, an attorney, certify that on November 14, 2012, I served the above and foregoing ***Plaintiff's Response to Order to Show Cause*** by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 14th day of November, 2012.

/s/ Ari J. Scharg