UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SUSAN FOX, individually, and on behalf of all others similarly situated, | Case No. 4:12-cv-14390 |
| Plaintiff, | Hon. Gershwin A. Drain |
| v. | |
| TIME, INC., a Delaware Corporation, | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR REASSIGNMENT**

Defendant submits this reply memorandum of law in support of its motion for reassignment pursuant to Local Rule 83.11(b)(2).

In their opposition papers, Plaintiff does not dispute that their lawyers have brought nearly identical complaints against magazine publishers based on purported violations of Michigan's Video Rental Privacy Act, M.C.L. § 445.1712, *et seq.* ("Video Rental Privacy Act"), and common law claims.  Nor does Plaintiff dispute that the parties in the three lawsuits are represented by the same counsel and that each of the motions for dismissal of the three complaints raise similar legal issues, *i.e.*, whether the plaintiffs have statutory and Article III standing to pursue claims under the Video Rental Privacy Act, and whether plaintiffs have stated viable claims under the statute or based on the state law claims alleged.  Finally, Plaintiff does not seriously dispute that reassignment of these cases to a single judge will result in a

1

conservation of judicial resources because it is obvious that doing so would minimize duplication of efforts by the courts and avoid the risk of inconsistent rulings.[1]

Rather, plaintiff contends that the "docket efficiency" envisioned by Local Rule 83.11(b)(2) will not be promoted by having these cases all heard by a single judge because there is not an identity of discovery and witnesses in each of the three cases. Indeed, Plaintiff argues that because there is not, "if anything, reassignment will clog the Judge's docket as discovery and motion practice advance." Opposition Br. to Reassignment at p.1 (Dkt. No. 28). These hypothetical conflicts do not obviate the fact that these cases are based on the *same* legal theories and factual underpinnings. Indeed, the opposition papers filed to the motions to dismiss only underscore that the legal issues underlying each of these cases are *identical* and involve the exact same legal authority – which will be equally relevant if the cases proceed to discovery – and plaintiffs intend to rely on at least the same expert study that their counsel (procured for another case) to establish that "consumers price privacy into their purchases" and thus they suffered economic harm as a result of the magazine publishers' alleged improper disclosures. *See* Opposition Br. to Motion to Dismiss at p.10 n.5 (Expert Report of Dr. Serge Egelman, Ph.D) (Dkt. No. 26).

---

[1] The inefficiency of having multiple courts review the same legal issues is amply illustrated by Plaintiff's attorneys multiple filings against magazine publishers in California federal court. In these cases, the plaintiff (represented by the same counsel here) sued various publishers under California's "Shine the Light" Act, Cal. Civ. Code § 1798.83, alleging that "consumer data has 'inherent monetary value,' that 'consumers engage in *quid pro quo* transactions with online business whereby individuals exchange personal information for services,' and that 'companies now offer individuals the opportunity to sell their personal information themselves.'" 2012 WL 3634387, at *4. *Each* of these courts ruled against the plaintiffs, and denied repeated motions to amend the complaints based on identical grounds. *See, e.g., Murray v. Time Inc.*, No. C 12-00431 JSW, 2012 WL 3634387 (N.D. Cal. Aug. 24, 2012); *Boorstein v. Men's Journal LLC*, No. CV 12-771 DSF, 2012 WL 3791701 (C.D. Cal. Aug. 17, 2012); *King v. Conde Nast Publications*, No. CV 12-0719-GHK, 2012 WL 3186578 (C.D. Cal. Aug. 3, 2012); *Miller v. Hearst Communications, Inc.*, No. CV 12–0733–GHK, 2012 WL 3205241 (C.D. Cal. Aug. 3, 2012). It is hard to argue that having four separate judges review the same legal issues – many of which are presented here – promotes judicial efficiency.

At the very least, the Court should be aware that Plaintiff's counsel in each of these three cases has filed virtually identical complaints with similar legal and factual issues. It is for the Court – not the parties – to determine whether, in the exercise of its discretion, judicial administration will be promoted by reassignment of these cases to a single judge. *See generally Grutter v. Bollinger*, 16 F. Supp.2d 797 (E.D. Mich. 1998).[2]

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests the Court grant its motion for reassignment.

Dated: January 2, 2013

By:   /s/ Sharon L. Schneier

Sharon L. Schneier
Collin J. Peng-Sue
DAVIS WRIGHT TREMAINE LLP
1633 Broadway – 27th Floor
New York, New York 10019
Telephone:  (212) 489-8230
Facsimile:  (212) 489-8340
sharonschneier@dwt.com
collinpengsue@dwt.com

---

[2] The proposed order provides for the cases to be assigned to Judge Steeh based on Defendant's understanding that the custom in the Eastern District of Michigan in situations such as this is to reassign the cases to the Judge assigned to the first filed case—here, *Halaburda v. Bauer Publishing Co., LP*, Case No. 1:12-cv-12831, which is assigned to Judge Steeh.  While Plaintiff opposes reassignment it does not dispute that if granted it would be appropriate to have the cases assigned to Judge Steeh since it was the first filed case but argues that it "is the furthest behind from a procedural standpoint as it was only recently transferred from (sic) to the Southern Division from the Northern Division." Opposition Br. to Reassignment p.2 n.2 (Dkt. No. 22). Any delay in transferring the case was caused by counsel's failure to inform Judge Ludington that the plaintiff substituted on August 23, 2012 did not, in fact, reside in the Northern District, until prompted by the Court on September 5, 2012 in its Order to Show Cause Why the Case Should Not be Dismissed.  *See* Case No. 1:12-cv-12831, Dkt. Nos. 11, 17.

                    Robert M. Jackson (P40732)
                    Arthur T. O'Reilly (P70406)
                    HONIGMAN MILLER SCHWARTZ
                    AND COHN LLP
                    660 Woodward Avenue
                    2290 First National Building
                    Detroit, MI  48226
                    Telephone:  (313) 465-7400
                    rjackson@honigman.com
                    aoreilly@honigman.com

                    *Attorneys for Defendant Time, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2013, I electronically filed the foregoing Reply Memorandum Of Law In Support Of Defendant's Motion For Reassignment with the Clerk of the Court via the ECF system, which shall send a notification of such filing to all counsel of record.

/s/ Sharon L. Schneier
Sharon L. Schneier
Collin J. Peng-Sue
DAVIS WRIGHT TREMAINE LLP
1633 Broadway – 27th Floor
New York, New York 10019
Telephone:  (212) 489-8230
Facsimile:  (212) 489-8340
sharonschneier@dwt.com
collinpengsue@dwt.com

11879404.1