**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CINDY HALABURDA, individually, and on behalf of all others similarly situated, | Case No. 12-cv-12831 |
| | Hon. George C. Steeh |
| Plaintiff, | |
| v. | |
| BAUER PUBLISHING CO., LP, a Delaware Partnership, | |
| Defendant. | |
| DAVID GRENKE, individually, and on behalf of all others similarly situated, | Case No. 12-cv-14221 |
| Plaintiff, | Hon. George C. Steeh |
| v. | |
| HEARST COMMUNICATIONS, INC., a Delaware Corporation, | |
| Defendant. | |

SUSAN FOX, individually, and
on behalf of all others similarly situated,

              Plaintiff,

v.

TIME, INC., a Delaware Corporation,

              Defendant.

Case No. 12-cv-14390

Hon. George C. Steeh

## DEFENDANTS' MOTION FOR AMENDMENT AND CERTIFICATION OF ORDERS FOR INTERLOCUTORYAPPEAL AND STAY PENDING APPEAL

Pursuant to 28 U.S.C. § 1292(b), Defendants Bauer Publishing Co., LP, Hearst Communications, Inc., and Time Inc. (collectively, "Defendants"), by and through their counsel, respectfully move this Court for an Order granting their Motion to Amend and to Certify this Court's August 6, 2013 Orders (the "Orders") for Interlocutory Appeal to the United States Court of Appeals for the Sixth Circuit. Further, in the event that this Court certifies the Orders to the Sixth Circuit, Defendants respectfully request that this Court stay the actions pending a decision on the appeal.

1. A district court may certify an order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [ ] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

13076914.1

The portions of the Court's Orders addressing standing under Article III of the United States Constitution satisfy the requirements for immediate review.

2.      On August 20, 2013, counsel for the parties conferred concerning this motion.  Defendants explained the nature of the motion and its legal basis, and they requested but did not obtain Plaintiffs' concurrence in the relief sought.

WHEREFORE, Defendants respectfully request that the Court grant their Motion and amend its Orders to state that the necessary conditions for interlocutory review by the United States Court of Appeals for the Sixth Circuit have been met.  Defendants further request that this Court stay all proceedings pending resolution of Defendants' requests for certification.

Dated: August 22, 2013

| | |
|---|---|
| | By:   /s/ Sharon L. Schneier |
| Robert M. Jackson (P40732) | Sharon L. Schneier |
| Arthur T. O'Reilly (P70406) | Collin J. Peng-Sue |
| Honigman Miller Schwartz and Cohn LLP | Davis Wright Tremaine LLP |
| 660 Woodward Avenue | 1633 Broadway – 27th Floor |
| 2290 First National Building | New York, New York 10019 |
| Detroit, MI  48226 | Telephone:  (212) 489-8230 |
| Telephone:  (313) 465-7400 | Facsimile:   (212) 489-8340 |
| rjackson@honigman.com | sharonschneier@dwt.com |
| aoreilly@honigman.com | collinpengsue@dwt.com |

*Attorneys for Defendants Bauer Publishing Co., LP,*
*Hearst Communications, Inc., and Time Inc.*

13076914.1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CINDY HALABURDA, individually, and on behalf of all others similarly situated, | Case No. 12-cv-12831 |
| Plaintiff, | Hon. George C. Steeh |
| v. | |
| BAUER PUBLISHING CO., LP, a Delaware Partnership, | |
| Defendant. | |
| DAVID GRENKE, individually, and on behalf of all others similarly situated, | Case No. 12-cv-14221 |
| Plaintiff, | Hon. George C. Steeh |
| v. | |
| HEARST COMMUNICATIONS, INC., a Delaware Corporation, | |
| Defendant. | |

SUSAN FOX, individually, and
on behalf of all others similarly situated,

                    Plaintiff,

v.

TIME, INC., a Delaware Corporation,

                    Defendant.

Case No. 12-cv-14390

Hon. George C. Steeh

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR AMENDMENT
AND CERTIFICATION OF ORDERS FOR
<u>INTERLOCUTORY APPEAL AND STAY PENDING APPEAL</u>**

2

# TABLE OF CONTENTS

STATEMENT OF ISSUE PRESENTED ............................................................ ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ ii

INTRODUCTION .......................................................................................... 1

BACKGROUND ............................................................................................ 3

ARGUMENT .................................................................................................. 4

I.   THE COURT SHOULD AMEND THE ORDERS TO CERTIFY THEM FOR INTERLOCUTORY APPEAL ...................................................................... 4

   A.   The Court's Article III Standing Ruling Presents A Controlling Question Of Law. ...................................................................................... 5

   B.   There Is Substantial Ground For Difference Of Opinion............................ 6

   C.   Immediate Appeal From The Orders Will Materially Advance The Ultimate Termination Of The Litigation. ................................................ 12

II.   THE COURT SHOULD STAY PROCEEDINGS IN THIS ACTION PENDING A RULING BY THE SIXTH CIRCUIT ................................... 14

CONCLUSION ................................................................................................ 15

## STATEMENT OF ISSUE PRESENTED

Whether this Court should certify its Orders of August 6, 2013, denying Defendants' motions to dismiss on Article III standing grounds, for appeal to the United States Court of Appeal for the Sixth Circuit.  Finally, should this Court certify the Orders to the Sixth Circuit Defendants respectfully request that this Court stay the action pending appeal.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

28 U.S.C. § 1292(b); *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012); *Landis v. North American Co.*, 299 U.S. 248 (1936).

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<small>ASES</small>

*Am. Geophysical Union v. Texaco Inc.*,
  802 F. Supp. 1 (S.D.N.Y. 1992) .......................................................................7

*Arizona Christian Sch. Tuition Org. v. Winn*,
  __ U.S. __, 131 S. Ct. 1436 (2011) ...............................................................13

*AT&T Mobility LLC v. Concepcion*,
  __ U.S. __, 131 S. Ct. 1740 (2011) ...............................................................12

*Bates v. Dura Automotive Sys., Inc.*,
  No.·1:08-cv-0029, 2009 WL 2356546 (M.D. Tenn. July 29, 2009), *rev'd
  on other grounds,* 625 F.3d 283 (6th Cir. 2010) ...........................................14

*Beaudry v. TeleCheck Servs., Inc.*,
  579 F.3d 702 (6th Cir. 2009) ............................................................... 3, 8, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................12

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005) .......................................................................................13

*Eagan v. CSX Transp., Inc.*,
  294 F. Supp. 2d 911 (E.D. Mich. 2003) ...........................................................5

*First Am. Fin. Corp. v. Edwards*,
  132 S. Ct. 2536 (2012) .....................................................................................8

*Hanna v. E.I. Du Pont de Nemours and Co.*,
  No. 04-CV-70287, 2006 WL 2086096 (E.D. Mich. July 25, 2006) ..................5

*Hollingsworth v. Perry*,
  ___ U.S. ___, 133 S. Ct. 2652 (2013) ..........................................................2, 8

*In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.*,
  954 F.2d 1169 n.8 (6th Cir. 1999) ..............................................................5, 12

iii

*In re the United States*,
    Nos. 10-0303, 10-0304, 2010 WL 8426951 (6th Cir. July 2, 2010),
    *rev'd on other grounds, Sanders v. Allison Engine*, 703 F.3d 930 (6th Cir.
    2012) ..................................................................................................... 5

*Int'l Primate Protection League v. Administrators of Tulane Education
    Fund*,
    500 U.S. 72 (1991) ............................................................................... 11

*Kennedy v. St. Joseph's Ministries, Inc.*,
    657 F.3d 189 (4th Cir. 2011) ................................................................. 6

*Landis v. North American Co.*,
    299 U.S. 248 (1936) ............................................................................. 14

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .......................................................................... 8, 9

*Maracich v. Spears*,
    ___U.S. ___, 133 S. Ct. 2191, 2222 (2013) (Ginsburg, J., dissenting) .............. 7

*Mueller v. First Nat'l Bank*,
    797 F. Supp. 656 (C.D. Ill. 1992) ........................................................ 6

*Newsome v. Young Supply Co.*,
    873 F. Supp. 2d 872 (E.D. Mich. 2012) .................................. 5, 12, 14

*Raines v. Byrd*,
    521 U.S. 811 (1997) .............................................................................. 8

*Sterk v. Best Buy Stores*,
    No. 11 C. 1894, 2012 WL 5197901 (N.D. Ill. Oct. 17, 2012) .................... 10, 11

*Sterk v. Redbox Automated Retail Inc.*,
    672 F.3d 535 (7th Cir. 2012) ......................................................... 10, 11

*Summers v. Earth Island Institute*,
    555 U.S. 488, 129 S. Ct. 1142, 1151 (2009) .................................... 8, 9

*Turi v. Main Street Adoption Services, LLP*,
    633 F.3d 496 (6th Cir. 2011) ................................................................. 4

*United States ex rel. Kreindler & Kreindler v. United Techs Corp.*,
    985 F.2d 1148 (2d Cir. 1993) .............................................................. 10

*Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*,
    454 U.S. 464 (1982).............................................................................................9

*Warth v. Seldin*,
    422 U.S. 490 (1975).............................................................................................9

*Yamaha Motor Corp., U.S.A. v. Calhoun*,
    516 U.S. 199 (1996)...........................................................................................13

**STATUTES**

28 U.S.C. § 1292(b).................................................................................passim

Michigan's Video Rental Privacy Act, M.C.L. §445.1712 *et. seq.* ......................1, 7

**OTHER AUTHORITIES**

16 Wright & Miller, Federal Practice and Procedure, § 3930 (3d ed. 2012)....11, 12

Michigan Court Rule 7.305(B)...............................................................................13

U.S. Const. art. III.................................................................................passim

v

Pursuant to 28 U.S.C. § 1292(b), Defendants Bauer Publishing Co., LP, Hearst Communications, Inc., and Time Inc. (collectively, "Defendants" or "Publishers"), respectfully ask the Court for an Order granting their Motion to Amend and to Certify this Court's August 6, 2013 Orders (the "Orders") for Interlocutory Appeal to the United States Court of Appeals for the Sixth Circuit. Further, should this Court certify the Orders to the Sixth Circuit, Defendants respectfully request that this Court stay the action pending the appeal.

## **INTRODUCTION**

Defendants ask the Court to certify its August 6, 2013 Orders on Defendants' Motions to Dismiss for immediate appeal to resolve several questions about Michigan's Video Rental Privacy Act, M.C.L. §445.1712 *et. seq.*, which may end this litigation without the need for protracted discovery and contested class certification proceedings. The Court should certify the Orders for immediate appeal for three reasons.

First, the Court's ruling on Michigan's Video Rental Privacy Act implicates a controlling question of law: Plaintiffs' standing under Article III of the United States Constitution. If the Sixth Circuit finds that Plaintiffs lack Article III standing, then their complaints must be dismissed for lack of jurisdiction.

Second, substantial grounds for a difference of opinion exist as to whether Article III standing exists in the absence of a concrete and particularized injury

13076914.1

fairly traceable to the challenged conduct. *See Hollingsworth v. Perry*, ___ U.S. ___, 133 S. Ct. 2652, 2661 (2013). Here, this Court observed that the only harm Plaintiffs could articulate was a violation of the Video Rental Privacy Act, and the United States Supreme Court has recognized that the issue of whether a statutory violation confers Article III standing is a live issue.

Third, resolving this issue in the Publishers' favor will end the litigation, and will resolve novel, disputed issues that are at the core of the case. Thus, no matter the outcome, an interlocutory appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Further, the Orders raise issues of economic importance to the publishing industry that, absent reversal, almost surely will recur. The Court's Orders encourage plaintiffs to pursue class action lawsuits against publishers of other "written materials" seeking statutory penalties of up to $5,000 per person, even though the putative class members suffer no discernible injury. By its very nature, the print publishing business involves the collection and use of consumers' personal information to facilitate delivery (through the public mail) of printed material. Because the Michigan Act provides for statutory damages, no-injury lawsuits aimed at the longstanding practice of providing publishers' mailing lists threaten companies with tens of millions (if not billions) of damages, despite the absence of *any* actual loss or harm from the challenged conduct. Because the

2

Orders have effects far beyond this litigation, affecting every person who disseminates "written materials" in Michigan, the Court should certify the Orders to the Court of Appeals for the Sixth Circuit.

## <u>BACKGROUND</u>

On December 3, 2012, Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because Plaintiffs (a) fail to allege any cognizable injury from Defendants' alleged unauthorized disclosure of the fact that they subscribe to certain magazines and thus lack standing under both Article III and the Michigan Video Rental Privacy Act and (b) state no plausible claim against the Publishers under any legal theory.  *See Halaburda v. Bauer*, No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst*, No. 12-cv-14221, Dkt. No. 18; *Fox v. Time*, No. 12-cv-14390, Dkt. No. 22.  On August 6, 2013, this Court issued its Orders, holding that the Plaintiffs had Article III standing.  *See Halaburda* Dkt. No. 47; *Grenke* Dkt. No. 38; *Fox* Dkt. No. 43.  Even though it was "unclear to the court whether plaintiffs could articulate any injury other than a violation of the statute" (Orders at 8), the Court held that under *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009), the Plaintiffs' mere allegation that the Publishers violated the Video Rental Privacy Act by disclosing their magazine subscriptions conferred Article III standing (Orders at 11).  The Court hesitated "in finding that these allegations meet the definition of an injury in fact, which the Supreme Court has described as 'an

3

invasion of a legally protected interest which is . . . concrete and particularized' and an 'irreducible constitutional minimum of standing.'"  Orders at 9-10 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

As for statutory standing, the Court rejected the proposition that the Video Rental Privacy Act's requirement of "damages to the customer" required Plaintiffs to plead more than a bare statutory violation, without any loss or injury.  Orders at 12.  This Court similarly rejected Defendants' argument that Video Rental Privacy Act should not be read to cover Magazines.  Orders at 10.  This Court did observe, however, that the Act "is a state statute that lacks any significant litigation history" (Orders at 5) and pointed to no Michigan authority supporting its interpretation of the Video Rental Privacy Act.

## **ARGUMENT**

### I.  **THE COURT SHOULD AMEND THE ORDERS TO CERTIFY THEM FOR INTERLOCUTORY APPEAL**

A district court may certify an order for interlocutory appeal if (1) the "order involves a controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."   28 U.S.C. § 1292(b).[1]

_____

[1] 28 U.S.C. §1292(b), which sets out the terms of interlocutory appellate jurisdiction, provides that if a district court certifies an otherwise non-appealable order, the court of appeals has the discretion to permit an appeal from that order.

4

**A.    The Court's Article III Standing Ruling Presents A Controlling Question Of Law.**

When deciding whether to certify an order for interlocutory review, a court should first consider whether the order "involves a controlling question of law." 28 U.S.C. §1292(b). Whether an order presents a "controlling question of law" is a "low bar." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012). "[A]ll that must be shown in order for a question to be controlling is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1999) (citations omitted); *accord Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 915 (E.D. Mich. 2003). A question of law is controlling if its resolution has precedential value, *In re Baker*, 954 F.2d at 1172 n.8, if it is central to liability, *In re the United States*, Nos. 10-0303, 10-0304, 2010 WL 8426951, at *1 (6th Cir. July 2, 2010), *rev'd on other grounds, Sanders v. Allison Engine,* 703 F.3d 930 (6th Cir. 2012), or if resolving the question would save substantial time and expense, *Newsome*, 873 F.Supp.2d at 878  *Cf. Hanna v. E.I. Du Pont de Nemours and Co.,* No. 04-CV-70287, 2006 WL 2086096, at *2 (E.D. Mich. July 25, 2006) (Steeh, J.) (noting certification is appropriate where an intermediate appeal may avoid protracted and expensive litigation). Here, whether

---

*See also Turi v. Main Street Adoption Services, LLP*, 633 F.3d 496, 504-505 (6th Cir. 2011).

the Plaintiffs have standing under Article III would materially affect the outcome not only of these cases but also of additional cases against other Michigan publishers of "written materials."[2]   Indeed, if Plaintiffs lack standing, their complaints would be dismissed.  As such, the Orders present a controlling question of law.

### B.    There Is Substantial Ground For Difference Of Opinion.

The public interest in avoiding crushing statutory sanctions against publishers of "written materials" for sharing the simple fact that subscribers receive through the mail a subscription to any particular magazine – speech protected by the First Amendment – weighs in favor of certifying the Orders for appeal.  Courts often view the public interest in an immediate appeal as sharply reducing the burden on the party seeking certification to establish the second factor.  *See, e.g.*, *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 197 (4th Cir. 2011) (noting district court's determination that "substantial grounds for difference may be found by virtue of the strong public policy purpose served by" the statutory provision at issue) (citation omitted); *Mueller v. First Nat'l Bank*, 797 F. Supp. 656, 664 (C.D. Ill. 1992) (certifying question and noting "substantial

---

[2] Plaintiffs' lawyers in these cases have brought nearly identical suits against other magazine publishers based on purported violations of Michigan's Video Rental Privacy Act.  A fourth suit, *Fox v. Conde Nast,* No. 2:12-cv-14312, was brought on behalf of a plaintiff with the same name as the plaintiff in the *Time* action, Susan Fox, but voluntarily dismissed a few days before they filed the complaint in the *Time* action.

public policy considerations effected by the decision"); *Am. Geophysical Union v. Texaco Inc.*, 802 F. Supp. 1, 30 (S.D.N.Y. 1992) (taking into account "strong public interest in having prompt appellate review").  Here, the Court's Orders have consequences beyond this litigation for magazine publishers around the world. Magazine publishers accused of collecting and disseminating subscriber information – a routine and longstanding practice – would collectively face many billions of dollars of potential liability in similar actions, even though Plaintiffs fail to articulate "*any* injury other than a violation of the statute."   Orders at 8 (emphasis added).[3]   Awards of that magnitude not only threaten publishers' exercise of their First Amendment rights, they threaten their very existence.

The Publishers therefore have only a modest burden of showing a substantial ground for difference of opinion – a burden easily met here.  Significantly, the Court itself expressed "hesitation in finding that [Plaintiff's] allegations meet the definition of an injury in fact" and noted the tension between the Supreme Court's

---

[3] Michigan's Video Rental Privacy Act provides for $5,000 in statutory damages plus costs and attorney fees.  Thus, a magazine publisher with 200,000 subscribers in Michigan would face over $1 billion in potential liability – to subscribers who suffered not one iota of actual loss or damage.  *See* M.C.L. § 445.1715.  In light of this crippling liability, and given that legitimate privacy concerns would not be served by applying the statute to prohibit sharing the fact that these plaintiffs received through the mail a subscription to generic magazines, the rule of lenity weighs in favor of narrowly construing any ambiguity in the Video Rental Privacy Act's civil action provision and resolving it in favor of the Publishers.  *See Maracich v. Spears*, ___U.S. ___, 133 S. Ct. 2191, 2222 (2013) (Ginsburg, J., dissenting) (arguing in favor of the rule of lenity because a potential $200 million award, plus punitive damages, "cannot possibly represent a legislative judgment regarding average actual damage").

opinion in *Lujan*, 504 U.S. 555, and the Sixth Circuit's opinion in *Beaudry*, 579 F.3d 702.  Orders at 9-10.  Indeed, the United States Supreme Court heard oral argument on the very issue of whether mere statutory violation could satisfy Article III's injury-in-fact requirement, before holding (months later) that it had improvidently granted certiorari.  *See First Am. Fin. Corp. v. Edwards*, 132 S. Ct. 2536(2012);  http://www.supremecourt.gov/oral_arguments/argument_transcripts/10-708.pdf.   The latest standing pronouncement from the Supreme Court, *Hollingsworth,* __ U.S. __, 133 S. Ct. 2652, reiterates that Article III requires concrete injury-in-fact:  "for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for *a personal and tangible harm*."  *Id.* at 2661 (emphasis added).

Indeed, a finding contrary to this Court's Orders would be consistent with a long history of Supreme Court precedent.  The Court has repeatedly held that the fact that Congress may create new causes of action or legal rights does not mean that the injury requirement of standing has been eliminated or eliminates the need for a litigant to show some individualized harm.  "[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Institute,* 555 U.S. 488, 497,  129 S. Ct. 1142, 1151 (2009); *see also Raines v. Byrd,* 521 U.S. 811, 820 n.3 (1997) ("It is settled that congress cannot erase Article III's standing requirements by statutorily granting

8

the right to sue a plaintiff who would not otherwise have standing."); *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 487 n.24 (1982) ("Neither the Administrative Procedure Act, nor any other congressional enactment, can lower the threshold requirements of standing under Art. III."); *Lujan,* 504 U.S. at 580-581 (Kennedy, J., concurring in part and concurring in judgment) ("[I]t would exceed [Article III's] limitations if, at the behest of Congress and in the absence of any showing of concrete injury, we were to entertain citizen suits to vindicate the public's nonconcrete interest in the proper administration of the laws…. [T]he party bringing suit must show that the action injures him in a concrete and personal way.").

As the Court stated in *Warth v. Seldin,* even where Congress creates a new cause of action, "[o]f course, Art. III's requirement remains:  the plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants."  422 U.S. 490, 501 (1975).  Rather, in enacting a new cause of action, Congress is "elevating to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law."  *Lujan,* 504 U.S. at 578.  As numerous cases have held, even where a statutory violation exists a party must show some concrete and particularized injury to him or herself.  *See, e.g., Summers,* 555 U.S. at 494 ("Here, respondents can demonstrate standing only if application of the regulations by the Government

9

will affect *them* in the manner described above."  (emphasis in original)); *United States ex rel. Kreindler & Kreindler v. United Techs Corp.,* 985 F.2d 1148, 1154 (2d Cir. 1993) ("Nevertheless, some injury-in-fact must be shown to satisfy constitutional requirements, for Congress cannot, waive the constitutional minimum of injury-in-fact.")  Here, given that Plaintiffs' have acknowledged that they cannot demonstrate any injury to themselves from the complained of conduct they cannot satisfy Article III's requirements.

Further, another district court reached a conclusion contrary to this Court's Orders in *Sterk v. Best Buy Stores*, No. 11 C. 1894, 2012 WL 5197901 (N.D. Ill. Oct. 17, 2012).  In *Sterk*, the court dismissed plaintiff's claim for lack of standing under the federal Video Privacy Protection Act, explaining that "while Congress is permitted to expand standing to the extent permitted under Article III, Congress cannot abrogate the basic standing requirement that an individual suffer an actual redressable injury-in-fact."  *Id.* at *5.  *Best Buy* relied on the Seventh Circuit's decision in *Sterk v. Redbox Automated Retail Inc.*, 672 F.3d 535 (7th Cir. 2012), where the court held retention of consumers' personal information in violation of the federal Video Privacy Protection Act neither causes actual damages nor justifies an award of statutory damages under the federal statute.[4]

---

[4] In *Sterk,* the district court certified the question of whether subsection 2710(c) of the federal statute authorizes a private right of action for damages for unlawful retention of personal information to the Seventh Circuit for interlocutory appeal. The Seventh Circuit accepted the appeal and reversed.  *Sterk,* 672 F.3d at 537.

10

Although this Court relied on *Beaudry*, that decision has no bearing here. First, *Beaudry* did not address whether a state legislature, rather than Congress, may create new statutory rights sufficient to support Article III standing notwithstanding the absence of any concrete harm to the plaintiff. *Cf. Int'l Primate Protection League v. Administrators of Tulane Education Fund,* 500 U.S. 72, 78 n.4 (1991). Second, the statute at issue in *Beaudry*, the Fair Credit Reporting Act, contains a willfulness requirement and thus does not impose strict liability for punitive sanctions without regard to the defendant's state of mind or the plaintiff's loss. 579 F.3d at 708. Moreover, the *Beaudry* plaintiffs alleged harm, i.e., the inclusion of "*false* and *negative*" information about the plaintiff in credit reports. *Id.* (emphasis in original). Plaintiffs here allege nothing in the way of concrete particularized loss.

Finally, "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." 16 Wright & Miller, Federal Practice and Procedure, § 3930 (3d ed. 2012). If an immediate appeal could significantly alter the course of a case, as here, "certification may be justified at a relatively low threshold of doubt." *Id.* As discussed in Part I.A above, if Plaintiffs lack standing, the Court will dismiss their complaints.

11

**C.      Immediate Appeal From The Orders Will Materially Advance The Ultimate Termination Of The Litigation.**

The third requirement – that an immediate appeal might materially advance the end of the litigation – is "closely tied" to the first.  16 Wright & Miller, Federal Practice and Procedure § 3930 (3d ed. 2012).  An order satisfies this factor if an appeal might "avoid protracted and expensive litigation," *In re Baker*, 954 F.2d at 1172, and "save the parties and the judicial system substantial resources and expense by avoiding extensive discovery, motion practice, and potentially a trial." *Newsome*, 873 F. Supp. 2d at 879.  That is clearly the case here.  If the Sixth Circuit agrees with Defendants and finds Plaintiffs lack Article III standing, these cases will end, thereby eliminating the costs associated with discovery, class certification issues, and further judicial oversight.  Moreover, the ability to resolve no-injury class actions through early standing challenges avoids not only enormous litigation costs but also the asymmetric settlement pressures that accompany these cases, as the Supreme Court has repeatedly recognized.  *See, e.g.*, *AT&T Mobility LLC v. Concepcion*, __ U.S. __, 131 S. Ct. 1740, 1752 (2011) (when confronted with "even a small chance of a devastating loss," litigants will face "pressure[ ]" to compromise even "questionable claims"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (expenses of litigation "will push cost conscious defendants to settle even anemic cases"); *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (sufficient allegations required to prevent plaintiff with "a largely

12

groundless claim" from being allowed to "take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value" (internal quotation marks omitted)).  Indeed, "[i]n an era of frequent litigations, class actions, sweeping injunctions with prospective effect, and continuing jurisdiction to enforce judicial remedies, courts must be more careful to insist on the formal rules of standing, not less so."  *Arizona Christian Sch. Tuition Org. v. Winn,* __ U.S. __, 131 S. Ct. 1436, 1449 (2011).

Because the issue of Article III standing satisfies all three requirements of interlocutory appeal under 28 U.S.C. § 1292(b), Defendants respectfully request that this Court amend the Orders and certify them for appeal to the Sixth Circuit.[5]

---

[5] Defendants respectfully request that this Court certify the Orders for the reasons so stated as quickly as possible.  Should this Court certify the Orders for appeal to the Sixth Circuit, however, Defendants will renew all of their arguments made in their motions to dismiss, as certification under 28 U.S.C. § 1292(b) "applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court . . . the appellate court may address any issue fairly included within the certified order."  *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) (emphasis original).  Furthermore, because the Orders address questions of Michigan law – namely, (1) whether the Video Rental Privacy Act permits a cause of action based solely on a statutory violation; and (2) whether the Video Rental Privacy Act should be interpreted to cover magazines – Defendants may request that the Sixth Circuit certify those questions to the Michigan Supreme Court.  *See* Orders at 5 (the Video Rental Privacy Act "lacks any significant litigation history"); Michigan Court Rule 7.305(B) ("When a federal court . . . considers a question that Michigan law may resolve and that is not controlled by Michigan Supreme Court precedent, the court may certify the question to the Michigan Supreme Court").

**II.   THE COURT SHOULD STAY PROCEEDINGS IN THIS ACTION PENDING A RULING BY THE SIXTH CIRCUIT**

Finally, should this Court certify the Orders for interlocutory appeal to the Sixth Circuit, Defendants respectfully request a stay in the proceedings pending those Court's determinations of the questions of law presented to them.

Although an interlocutory appeal under Section 1292(b) does not *automatically* stay proceedings in the district court, district courts may grant a stay of proceedings pursuant to "the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *see also* 28 U.S.C. § 1292(b) ("application for an appeal hereunder shall not stay proceedings in the district court unless the district judge . . . shall so order").   Relying on that authority, district courts regularly stay proceedings pending resolution of interlocutory appeals under Section 1292(b).   *See, e.g.*, *Newsome*, 873 F. Supp. 2d at 879; *Bates v. Dura Automotive Sys., Inc.*, No.·1:08-cv-0029, 2009 WL 2356546, at *6 (M.D. Tenn. July 29, 2009), *rev'd on other grounds*, 625 F.3d 283 (6th Cir. 2010) ("principles of 'sound judicial administration' dictate that [this] case be stayed pending the resolution of any interlocutory appeal ").

No harm will flow to the Plaintiffs if the stay is granted.   As the Court observed, it was "unclear to the court whether plaintiffs could articulate any injury

14

other than a violation of the statute." Orders at 8. Indeed, if the Sixth Circuit ultimately decides in Defendants' favor, the Court will have relieved the parties (including Plaintiffs) of the burden of unnecessary discovery-related expenses. Accordingly, the Court should stay proceedings pending determination by the Sixth Circuit.

## CONCLUSION

Because this Court's Orders satisfy the requirements of Section 1292(b), Defendants respectfully request that this Court certify the Orders for appeal to the United States Court of Appeal for the Sixth Circuit and stay the actions pending review.

Dated:       August 22, 2013

| | |
|---|---|
| Robert M. Jackson (P40732) | By:_____/s/ Sharon L. Schneier_____ |
| Arthur T. O'Reilly (P70406) | Sharon L. Schneier |
| Honigman Miller Schwartz and Cohn LLP | Collin J. Peng-Sue |
| | Davis Wright Tremaine LLP |
| 660 Woodward Avenue | 1633 Broadway – 27th Floor |
| 2290 First National Building | New York, New York 10019 |
| Detroit, MI  48226 | Telephone:    (212) 489-8230 |
| Telephone:  (313) 465-7400 | Facsimile:    (212) 489-8340 |
| rjackson@honigman.com | sharonschneier@dwt.com |
| aoreilly@honigman.com | collinpengsue@dwt.com |

*Attorneys for Defendants Bauer Publishing Co., LP,*
*Hearst Communications, Inc., and Time Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2013, I electronically filed the foregoing Defendants' Motion for Amendment and Certification of Orders for Interlocutory Appeal and Stay Pending Appeal and Defendants' Memorandum of Law in Support of Their Motion for Amendment and Certification of Orders for Interlocutory Appeal and Stay Pending Appeal with the Clerk of the Court via the ECF system, which shall send a notification of such filing to all counsel of record.

/s/ Sharon L. Schneier
Sharon L. Schneier
Collin J. Peng-Sue
DAVIS WRIGHT TREMAINE LLP
1633 Broadway – 27th Floor
New York, New York 10019
Telephone:  (212) 489-8230
Facsimile:  (212) 489-8340
sharonschneier@dwt.com
collinpengsue@dwt.com