UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY HALABURDA, individually, and
on behalf of all others similarly situated,

        Plaintiff,

v.                                        Case No.  12-CV-12831
                                          HON.  GEORGE CARAM STEEH

BAUER PUBLISHING CO., LP, a
Delaware partnership,

        Defendant.
_____/

DAVID GRENKE, individually, and
on behalf of all others similarly situated,

        Plaintiff,

v.                                        Case No.  12-CV-14221

HEARST COMMUNICATIONS, INC., a
Delaware Corporation,

        Defendant.
_____/

SUSAN FOX, individually, and
on behalf of all others similarly situated,

        Plaintiff,

v.                                        Case No.  12-CV-14390

TIME, INC., a Delaware Corporation,

        Defendant.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR AMENDMENT AND CERTIFICATION OF ORDERS FOR INTERLOCUTORY APPEAL AND STAY PENDING APPEAL (DOC. # 50 IN HALABURDA CASE; DOC. # 41 IN GRENKE CASE; DOC. # 46 IN FOX CASE)**

These putative class actions, in which plaintiffs allege violations of the Michigan Video Rental Privacy Act ("VRPA"), are before the court on defendants' motions for interlocutory appeal. The court denied defendants' motions to dismiss the matter in August of 2013, following which defendants moved for interlocutory appeal of that order to the Sixth Circuit on the issue of Article III standing. The court's determination on the motion is set forth below. Because oral argument would not assist the court in its resolution of the issue, the motions are ordered submitted on the briefs pursuant to E.D. Mich. L.R. 7.1(e)(2).

Generally, interlocutory appeals are disfavored in the federal court system. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981). Exceptions to the final judgment rule, set forth in 28 U.S.C. § 1291, are permitted under extraordinary circumstances. See W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002).

Under 28 U.S.C. § 1292(b), a district court may designate an order for interlocutory appeal if that order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [ ] an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court of Appeals then decides whether or not it will permit an appeal from the order. Defendants contend that this court's decision on the issue of Article III standing–i.e. that the violation of a statutory right, without independent injury, confers Article III standing–meets the requirements for an interlocutory appeal.

Not surprisingly, plaintiffs assert that the decision of the district court is not subject to any difference of opinion. They contend that "[d]ecades of federal precedent

-2-

(including both Supreme Court and Sixth Circuit cases) clearly establish the unanimous rule that legislatures can grant their citizens substantive rights (here, a privacy right), the invasion of which constitutes a concrete and particularized injury sufficient to confer Article III standing." Plaintiffs' Response Brf. At 1. Accordingly, they argue that the court should deny defendants' motion.

As plaintiffs point out, citing In re Miedzianowski, 735 F.3d 383 (6th Cir. 2013), "[w]here [the Sixth Circuit] has answered the question, the district court is bound by our published authority." In this court's opinion of August 6, 2013, the court determined that the Article III standing issue was governed by Beaudry v. Telecheck Servs., Inc., 579 F.3d 702 (6th Cir. 2009), "a case where the Sixth Circuit determined that the Fair Credit Reporting Act included 'actual damages' as a form of relief in the *alternative* to statutory damages, and thus found the statute did not require a showing of actual damages." Doc. # 47 at 10 (citing Beaudry, 579 F.3d at 705-06). The court notes that the identical issue was recently decided by Chief Judge Rosen of this district, in Cain v. Redbox Automated Retail, L.L.C., # 12-15014, where it was similarly held that the requirements of Article III standing were met through the violation of plaintiffs' VRPA statutory rights. The Cain opinion, quoting the decision of the undersigned, similarly relied on Beaudry.

The court is not persuaded by defendants' authorities or arguments that there is substantial ground for difference of opinion. For instance, the case of Summers v. Earth Island Institute, 555 U.S. 488 (2009), cited by defendants, is not analogous here. In that case, where the "regulations under challenge...neither require nor forbid any action on the part of respondents," the Supreme Court found that the respondents could "demonstrate standing only if application of the regulations by the Government will

affect them in the manner described above." Id. at 493-94. There is no question in this case that the statute in question is directed at the protection of the putative class, so the Summers case does not assist defendants' arguments. Additional authority offered by defendants does not dictate a different result, and was addressed in this court's order on the motion to dismiss.

Ultimately, while the "hesitation" expressed in this court's August decision concerning whether the statutory injury alleged here meets the requirement of an "injury in fact" for Article III standing, the court is convinced its hesitation does not comprise the exceptional circumstances meriting an interlocutory appeal. Defendants' motions for amendment and certification of orders for interlocutory appeal and stay pending appeal are, accordingly, **DENIED**.

The parties shall contact the court regarding an amendment to the scheduling orders in these matters.

**IT IS SO ORDERED**.

Dated: December 23, 2013

               s/George Caram Steeh
               GEORGE CARAM STEEH
               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 23, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---