IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>TIME, INC., a Delaware Corporation,<br><br>                Defendant. | Case No. 2:12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

**ANSWER TO FIRST AMENDED CLASS ACTION
COMPLAINT AND DEMAND FOR JURY TRIAL**

     Defendant Time, Inc. ("Time"), by and through its undersigned attorneys Honigman Miller Schwartz and Cohn LLP and ZwillGen PLLC, hereby answers the First Amended Class Action Complaint and Demand for Jury Trial, dated November 15, 2013 (the "Complaint") as follows:

**NATURE OF THE CASE**

     1.     Admits that Time publishes magazines, including the magazines set forth in Paragraph 1, and refers to Time's website for a complete list of the magazines currently published by Time, and otherwise denies the allegations contained in paragraph 1.

     2.     Denies the allegations contained in Paragraph 2.

     3.     Denies the allegations contained in Paragraph 3.

1

4. Denies the allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 state legal conclusions to which no response is required. To the extent any response is required, Time denies them.

6. Paragraph 6 contains Plaintiff's characterization of her own action to which no response is required, and otherwise denies the allegations contained in paragraph 6.

## PARTIES

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Admits that Time, Inc. is a Delaware corporation with its principal place of business at 1271 Avenue of the Americas, New York, New York and that it does business in Michigan and the United States, and otherwise denies the allegations contained in paragraph 8.

## JURISDICTION AND VENUE

9. The allegations in paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, Time admits that it does business in Michigan as alleged in Paragraph 9, but denies that Time engaged in unlawful conduct in Michigan.

10. The allegations contained in paragraph 10 state legal conclusions to which no response is required. Because Time believes plaintiff lacks standing and has suffered no injury, Time denies this Court has subject matter jurisdiction over this dispute.

11. The allegations contained in paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, Time admits that it has subscribers in this District, denies knowledge and information sufficient to form a belief as to where Plaintiff

resides, and denies the remaining allegations contained in paragraph 11.

## FACTUAL BACKGROUND
### Michigan's Video Rental Privacy Act

12. The allegations contained in Paragraph 12 state legal conclusions to which no response is required. To the extent that a response is required, Time refers the Court to the document cited therein for a complete and accurate statement of its contents, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. The allegations contained in Paragraph 13 state legal conclusions to which no response is required. To the extent that a response is required, Time refers the Court to the document cited therein for a complete and accurate statement of its contents, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. The allegations contained in Paragraph 14 state legal conclusions to which no response is required. To the extent that a response is required, Time refers the Court to the Michigan Video Rental Privacy Act ("VRPA"), M.C.L. §§ 445.1711, et seq. for a complete and accurate statement of its contents.

15. The allegations contained in Paragraph 15 state legal conclusions to which no response is required. To the extent that a response is required, Time refers the Court to the document cited therein for a complete and accurate statement of its contents, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations

3

contained in paragraph 15.

16. The allegations contained in Paragraph 16 state legal conclusions to which no response is required. To the extent that a response is required, Time refers the Court to the document cited therein for a complete and accurate statement of its contents, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. The allegations contained in Paragraph 17 state legal conclusions to which no response is required. To the extent that a response is required, Time refers the Court to the document cited therein for a complete and accurate statement of its contents, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. The allegations contained in Paragraph 18 state legal conclusions to which no response is required. To the extent that a response is required, Time refers the Court to the document cited therein for a complete and accurate statement of its contents, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

### The Personal Information Market:
### Consumers' Personal Information Has Real Value

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and refers the Court to the document cited therein for a

complete and accurate statement of its contents.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

28.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

29.  Denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 and refers the Court to the document cited therein for a complete and accurate statement of its contents, except denies the allegations regarding Time's actions.

30.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and refers the Court to the document cited therein for a complete and accurate statement of its contents, except denies the allegations regarding Time.

31.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and refers the Court to the document cited therein for a complete and accurate statement of its contents, except denies the allegations regarding Time.

32.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, except denies the allegations regarding Time.

33.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

## Consumers Place Monetary Value on their Privacy and Consider Privacy Practices when Making Purchases

34.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, denies the last sentence of paragraph 39, and refers the Court to the document cited therein for a complete and accurate statement of its contents.

**Time Unlawfully Sells Its Subscribers'
Personal Reading Information**

40. Denies the allegations contained in paragraph 40 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

41. Denies the allegations contained in paragraph 41 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

42. Denies the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44, except admits that there are various ways to subscribe to a Time publication.

45. Denies the allegations contained in paragraph 45.

46. The allegations contained in paragraph 46 state legal conclusions to which no response is required. To the extent that a response is required, Time denies them.

## FACTS RELATING TO ROSE COULTER-OWENS

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. Admits the allegations contained in paragraph 49.

50. Denies the allegations contained in paragraph 50.

51. Denies the allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52.

53. Denies the allegations contained in paragraph 53.

54. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55. The allegations contained in paragraph 55 state legal conclusions to which no response is required. To the extent that a response is required, Time denies them.

## CLASS ACTION ALLEGATIONS

56. The allegations contained in paragraph 56 state legal conclusions to which no response is required. To the extent that a response is required, Time admits Plaintiff purports to bring this lawsuit as a class action on behalf of the class described in paragraph 56 but denies this action meets class certification requirements.

57. The allegations contained in paragraph 57 state legal conclusions to which no response is required. To the extent that a response is required, Time denies this action meets class certification requirements.

58. The allegations contained in paragraph 58 state legal conclusions to which no response is required. To the extent that a response is required, Time denies this action meets class certification requirements.

59. The allegations contained in paragraph 59 state legal conclusions to which no response is required. To the extent that a response is required, Time denies this action meets class certification requirements.

60. The allegations contained in paragraph 60 state legal conclusions to which no response is required. To the extent that a response is required, Time denies this action meets class certification requirements.

61. The allegations contained in paragraph 61 state legal conclusions to which no response is required. To the extent that a response is required, Time denies this action meets class certification requirements.

62. The allegations contained in paragraph 62 state legal conclusions to which no

response is required. To the extent that a response is required, Time denies this action meets class certification requirements.

63. To the extent a response is required to the allegations contained in paragraph 63 Time denies them.

## FIRST CAUSE OF ACTION
### Violation of the Video Rental Privacy Act
### (M.C.L. § 445.1712)
### (On Behalf of Plaintiff and the Class)

64. Time incorporates its responses to paragraph 1-63 as if fully set forth herein.

65. The allegations contained in paragraph 65 state legal conclusions to which no response is required. To the extent that any response is required, Time denies them.

66. The allegations contained in paragraph 66 are legal conclusions to which no response is required. To the extent that a response is required, Time denies them.

67. The allegations contained in paragraph 67 are legal conclusions to which no response is required. To the extent that a response is required, Time denies them.

68. Denies the allegations contained in paragraph 68.

69. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70. Denies the allegations contained in paragraph 70.

71. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72. States that the allegations contained in paragraph 72 are legal conclusions to

which no response is required.  To the extent that a response is required, Time denies them.

73. Denies the allegations contained in paragraph 73.

74. Denies the allegations contained in paragraph 74.

75. Denies the allegations contained in paragraph 75.

76. Admits that the allegations in this complaint do not pertain to disclosures pursuant to a court order, search warrant or grand jury subpoena.

77. Admits that the allegations in this complaint do not pertain to disclosures made to collect payment for subscriptions.

78. Denies the allegations contained in paragraph 78.

79. States that the allegations contained in paragraph 79 are legal conclusions to which no response is required.  To the extent that a response is required, Time denies them.

80. States that the allegations contained in paragraph 80 are legal conclusions to which no response is required.  To the extent that a response is required, Time denies them.

81. States that the allegations contained in paragraph 81 are legal conclusions to which no response is required.  To the extent that a response is required, Time denies them.

82. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 83, except denies that last sentence of paragraph 83.

84. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85. Denies the allegations contained in paragraph 85.

## SECOND CAUSE OF ACTION
### Breach of Contract
### (On Behalf of Plaintiff and the Class)

86. No response is required to the allegations in paragraph 86 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the extent that a response is required, Time denies them.

87. No response is required to the allegations in paragraph 87 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the extent that a response is required, Time denies them.

88. No response is required to the allegations in paragraph 88 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the extent that a response is required, Time denies them.

89. No response is required to the allegations in paragraph 89 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the extent that a response is required, Time denies them.

90. No response is required to the allegations in paragraph 90 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt.

No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the extent that a response is required, Time denies them.

91. No response is required to the allegations in paragraph 91 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the extent that a response is required, Time denies them.

92. No response is required to the allegations in paragraph 92 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the extent that a response is required, Time denies them.

93. No response is required to the allegations in paragraph 93 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the extent that a response is required, Time denies them.

94. No response is required to the allegations in paragraph 94 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the extent that a response is required, Time denies them.

95. No response is required to the allegations in paragraph 95 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the

extent that a response is required, Time denies them.

96. No response is required to the allegations in paragraph 96 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the extent that a response is required, Time denies them.

97. No response is required to the allegations in paragraph 97 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 29; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 18; *Fox v. Time,* No. 12-cv-14390. To the extent that a response is required, Time denies them.

**THIRD CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Class)**
**(In the Alternative to Breach of Contract)**

98. Time incorporates its response to paragraphs 1-97 as if fully set forth herein.

99. The allegations contained in paragraph 99 are legal conclusions to which no response is required. To the extent that a response is required, Time denies them.

100. Denies the allegations contained in Paragraph 100.

101. Denies the allegations contained in Paragraph 101.

102. The allegations contained in paragraph 102 are legal conclusions to which no response is required. To the extent that a response is required, Time denies them.

103. The allegations contained in paragraph 103 are legal conclusions to which no response is required. To the extent that a response is required, Time denies them.

104. Denies the allegations contained in Paragraph 104.

105. Denies the allegations contained in Paragraph 105.

106. Denies the allegations contained in Paragraph 106.

107. Paragraph 107 contains Plaintiff's characterization of her own action to which no response is required.

## AFFIRMATIVE DEFENSES

Time asserts the following affirmative defenses and reserves the right to amend its answer to assert any additional affirmative defenses when and if, in the course of its investigation, discovery or preparation for trial it becomes appropriate to assert such affirmative defenses. In asserting these defenses, Time does not assume the burden of proof for any issue that would otherwise rest on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class lack standing under U.S. CONST. art. III, § 2, and/or the VRPA, to assert the claims stated in the Complaint and to seek some and/or all of the relief requested.

## THIRD AFFIRMATIVE DEFENSE

Time is not "engaged in the business of selling at retail", and neither Plaintiff nor others alleged to be members of the putative class purchased a magazine subscription at "retail" as required under the VRPA. M.C.L. § 445.1712.

### FOURTH AFFIRMATIVE DEFENSE

The VRPA does not apply since a magazine subscription is not "written material" within the meaning of the statute. M.C.L. § 445.1712.

### FIFTH AFFIRMATIVE DEFENSE

Any complained of disclosures were done for "the exclusive purpose of marketing goods and services directly to the consumer." M.C.L. § 455.1713(d).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class were informed by written notice that she/they may "remove his or her name at any time." M.C.L. § 445.1713(d).

### SEVENTH AFFIRMATIVE DEFENSE

Any disclosures made by Time were made pursuant to the exceptions allowed under M.C.L. § 445.1713.

### EIGHTH AFFIRMATIVE DEFENSE

Awarding Plaintiff and/or others alleged to be members of the putative class the relief sought in the Complaint would violate Time's rights to due process of law under the United States Constitution.

### NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are barred, in whole or in part, by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are

barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class impliedly and/or expressly consented to the disclosure of the complained of information.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class have not incurred any actual damage to justify relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action cannot properly be brought as a class action and the requirements of Rule 23, Fed. R. Civ. P., for certification of a class are not, and cannot be, met in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

The VRPA, as alleged and/or applied in this case, violates the First Amendment of the United States Constitution because it imposes a burden based on the content of the speech and the identity of the speaker.

## PRAYER FOR RELIEF

WHEREFORE, Time requests that the Court dismiss Plaintiff's claims, enter judgment in Time's favor and against Plaintiff on her Complaint and such other relief as this Court deems just and proper, including:

        (i)     denial of class certification;

        (ii)    dismissal of Plaintiff's claims with prejudice;

        (iii)   denial of all relief required by Plaintiff;

(iv)  all further relief to which Time may be entitled in law or in equity.

Dated: June 23, 2014

| | |
|---|---|
| /s/ Robert M. Jackson<br>Robert M. Jackson (P40723)<br>Arthur T. O'Reilly (P70406)<br>Honigman Miller Schwartz and Cohn, LLP<br>660 Woodward Avenue<br>2290 First National Building<br>Detroit, MI 48226<br>(313) 465-7430<br>rjackson@honigman.com<br>aoreilly@honigman.com | Marc Zwillinger<br>Jacob Sommer<br>Jeffrey Landis<br>ZWILLGEN PLLC<br>1900 M St. NW, Ste. 250<br>Washington, DC 20036<br>202) 706-5205<br>marc@zwillgen.com<br>jake@zwillgen.com<br>jeff@zwillgen.com |

*Attorneys for Defendant Time, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2014, I electronically filed the foregoing Answer to First Amended Class Action Complaint and Demand for Jury Trial with the Clerk of the Court via the ECF system, which shall send a notification of such filing to all counsel of record

By: /s/ Robert M. Jackson
Robert M. Jackson (P40732)
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
Telephone: (313) 465-7400
rjackson@honigman.com