## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually, and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>TIME INC., a Delaware Corporation,<br><br>                Defendant. | Case No. 2:12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

## DECLARATION OF ARI J. SCHARG

I, Ari J. Scharg, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am an adult over the age of 18 and a resident of the State of Illinois. I am a partner at the law firm of Edelson PC, which has been retained to represent Plaintiff Rose Coulter-Owens ("Plaintiff") in this matter and I am admitted to practice before this Court. I make this Declaration in support of Plaintiff's Motion for and Memorandum in Support of Class Certification, and am fully competent to do so. I have personal knowledge of all matters set forth herein unless otherwise indicated, and, if called upon to testify, I could and would competently do so.

***Plaintiff's Role as Class Representative***

2.      It is my opinion that Ms. Coulter-Owens has served as an exemplary class representative in this action. During the course of this lawsuit, she has timely and fully answered Time's written discovery requests. Time's attorneys deposed

Ms. Coulter-Owens for several hours (9:30 a.m. – 4:00 P.M.) in Flint, Michigan. During her deposition, Ms. Coulter-Owens was asked numerous probing questions regarding her magazine subscription histories, her reading and purchasing habits, and her financial history and background, among other aspects of this lawsuit generally.

3.    Attorneys at my firm have regularly communicated with Ms. Coulter-Owens at all stages of litigation. She has reviewed and assisted with pleadings, interrogatory responses, and other discovery matters. She has expressed interest in being kept apprised of developments in this case and maintained a strong interest in obtaining a favorable result on behalf of the Class.

***Edelson PC's Significant Class Action Experience***

4.    Edelson PC is well-suited to represent the proposed Class. My firm regularly engages in major complex litigation on behalf of consumers and has extensive general experience in large and complex consumer class actions like the present case—including class actions brought and certified under the VRPA. (*See* Firm Resume of Edelson PC, a true and accurate copy of which is attached hereto as Exhibit S.)

5.    As explained in the attached Firm Resume, my firm's lawyers have been appointed as class counsel in numerous complex consumer class actions and have been specifically recognized as "pioneers in the electronic privacy class

action field, having litigated some of the largest consumer class actions in the country on this issue." *In re Facebook Privacy Litig.*, No. C 10-02389, Dkt. 69 at 5 (N.D. Cal. Dec. 10, 2010) (order appointing Edelson PC, under its former name, as interim co-lead of privacy class action); *see*, *e.g.*, *In re Netflix Privacy Litig.*, No. 5:11-cv-00379, Dkt. 59 at 5 (N.D. Cal. Aug. 12, 2011) (appointing Edelson PC, under its former name, sole lead counsel due, in part, to its "significant and particularly specialized expertise in electronic privacy litigation and class actions[.]").

6.     To date, my firm has committed substantial resources to the prosecution of this case, including motion practice, propounding and responding to discovery requests, conducting and defending depositions, reviewing thousands of pages of documents, and interfacing with Plaintiff, opposing counsel and others. Looking forward, my firm is prepared to continue its representation of the Plaintiff and the putative Class.

***Magazine Opt-out Notices***

7.     As part of its document production, Time produced hundreds of purported "opt-out" notices that appeared in printed issues of *TIME*, *Fortune* and *Real Simple* Magazines from September 2009 through March 2013. As described below, a representative sample of each magazine's "opt-out" notice is attached hereto as Exhibits N, O, and P.

8.     As a part of our investigation into this matter, attorneys at my firm reviewed every purported "opt-out" notice that was produced for *TIME* magazine, ranging from issues published in September 7, 2009 to March 25, 2013. Our investigation confirmed that each issue utilized the same language shown in Exhibit N, which states: "Mailing List: We make a portion of our mailing list available to reputable firms. If you would prefer that we do not include your name, please call, or write us at P.O. Box 62120, Tampa, Fla. 33662-2120, or send us an email at privacy@time.customersvc.com."

9.     Similarly, attorneys at my firm reviewed every *Fortune* magazine's purported "opt-out" notice produced in this matter, ranging from issues published in September 14, 2009 to April 15, 2013. Our investigation confirmed that each issue utilized the same language shown in Exhibit O, which states: "Mailing List: We make a portion of our mailing list available to reputable firms."

10.     Finally, attorneys at my firm reviewed every *Real Simple* magazine's purported "opt-out" notice produced in this matter, ranging from issues published in September 2009 to March 2013. Our investigation confirmed that each issue utilized the same language shown in Exhibit P which states: "Mailing List: We make a portion of our mailing list available to reputable firms."

***Exhibits Referenced in the Motion for Class Certification***

11.     Attached hereto as Exhibit A is a true and accurate copy of a

4

screenshot from the website accessible at http://www.timeinc.com/brands/ ("Time Brands"), as it appeared on March 13, 2015.

12.     Attached hereto as Exhibit B is a true and accurate copy of excerpts from the Rule 30(b)(6) deposition transcript of Time's designee and Vice President of Marketing Operations for the Consumer Marketing Division, Scott Breininger.

13.     Attached hereto as Exhibit C is a true and accurate copy of excerpts of Defendant's Responses to Plaintiff's Second Set of Interrogatories.

14.     Attached hereto as Exhibit D is a true and accurate copy of a document entitled "Time Incorporated – Agency FTP File Specifications 900 Byte Layout." This document was produced by Time in this matter at Bates TIME_RCO_0047660-68, and ████████████████████████████ ████████████████████████████████████████████ ██ (*id.* at 0047660-61) ████████████████ (*id.* at 0047663-64)) ██ ████████████

15.     Attached hereto as Exhibit E is a true and accurate copy of excerpts of Defendant's Responses to Plaintiff's First Set of Interrogatories.

16.     Attached hereto as Group Exhibit F are true and accurate copies of documents describing the yearly review of Time's list rental and top twenty-five mailers for 2012 ("Time's 2012 List Rental Corporate Overview"). These documents were produced by Time in this matter at Bates TIME_RCO_001657-62.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████. (*See id.* at 001661.)

17.    Attached hereto as Exhibit G is a true and accurate copy of the document entitled "Time Inc. List [Rental] Recommendations – Top Lists for Fundraising and Nonprofit Membership Offers." This document was produced by Time in this matter at Bates TIME_RCO_009252-59.

18.    Attached hereto as Group Exhibit H are true and accurate copies of publicly accessible documents that demonstrate the subscriber lists Time makes available in connection with its customer list rental business, and demonstrate the breadth of the selects that Time lets its list rental customers use to target specific portions of Time's subscriber base ("Time Datacards"). These documents were produced by Plaintiff in this matter at Bates COULTER-OWENS_000188-226.

19.    Each of the Time Datacards appearing in Group Exhibit H was created by searching for Time-associated mailing lists (i.e., whether associated to Time Inc., generally, or to either the *TIME*, *Fortune*, or *Real Simple* magazines specifically) on the website http://lists.nextmark.com/ on January 30, 2015, and then creating true and accurate screenshots of the applicable search results.

20.    For example, the datacard appearing at COULTER-OWENS_ 000192-93 (entitled "Time Inc. African American Masterfile Mailing List") was

6

found by querying the lists.nextmark.com website using a Google search

("site:lists.nextmark.com 'time inc. african american' "), clicking the first search

result, and capturing a screenshot of the resulting page.

21.     Attached hereto as Exhibit I is a true and accurate copy of a document

entitled "Amended and Restated Statement of Work #001 to Services and Data Use

Agreement," entered into between Time and Axciom Corp. on March 31, 2009

("Time-Acxiom Restatement of Work"). This document was produced by Time in

this matter at Bates TIME_RCO_000885-995.

22.     Attached hereto as Exhibit J is a true and accurate copy of the

document entitled "Services and Data Use Agreement." ████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████ The document was produced by Time in this

matter at Bates TIME_RCO_001001-1020.

23.     Attached hereto as Exhibit K is a true and accurate copy of a

document entitled "Wiland Direct Cooperative Database Agreement for

Publishers" ("Time-Wiland Contract"). This document was produced by Time in this matter at Bates TIME_RCO_000212-222.

24.    Attached hereto as Group Exhibit L are a series of true and accurate screenshots from the Wiland, Inc. website, as it existed as of March 13, 2013. Included in Group Exhibit L are screenshots of the following URLs:

a.  About Us (http://wiland.com/about)

b.  Publishing (http://wiland.com/market/publishing)

c.  New Subscriber Acquisition
    (http://wiland.com/market/publishing/service/acquiring-new-subscribers)

d.  Reactiving Expired Subscribers
    (http://wiland.com/market/publishing/service/reactivating-expired-subscribers).

25.    Attached hereto as Group Exhibit M is a true and accurate copy of four documents, each of which is entitled "Database Agreement Addendum Adding New Brands." These documents were produced by Time in this matter at Bates TIME_RCO_008051, 8059, and 8088, and show ████████████

████████████████████████████████████████████

██████████████.

26.    Attached hereto as Exhibit N is a true and accurate copy of a

document showing *TIME*'s in-magazine "opt-out" notice. This document was produced by Time in this matter at Bates TIME_RCO_047162-63.

27.    Attached hereto as Exhibit O is a true and accurate copy of a document showing *Fortune's* in-magazine "opt-out" notice. This document was produced by Time in this matter at Bates TIME_RCO_047405-7.

28.    Attached hereto as Exhibit P is a true and accurate copy of a document showing *Real Simple's* in-magazine "opt-out" notice.  This document was produced by Time in this matter at Bates TIME_RCO_047515-18.

29.    Attached hereto as Exhibit Q is a true and accurate copy of excerpts from the deposition transcript of Rose Coulter-Owens in this matter.

30.    Attached hereto as Group Exhibit R are true and accurate copies of Publisher Statements for *TIME*, *Fortune* and *Real Simple* magazine for a six month time period ending on June 30, 2010 ("Time Publisher Statements"). These documents were produced by Time in this matter at Bates Time_RCO_000190-194, 047728-32, and 047805-809.

31.    Attached hereto as Exhibit S is a true and accurate copy of the firm resume of Edelson PC.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of March, 2015 at Chicago, Illinois.

/s/ Ari J. Scharg