# Exhibit C
# (filed under seal)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIME INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

**OBJECTIONS AND RESPONSES OF TIME INC. TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Time Inc. ("Time") objects and responds to Plaintiff's Second Set of Interrogatories to Defendant Time Inc. ("Plaintiff's Second Interrogatories") as follows:

**GENERAL OBJECTIONS**

Time hereby adopts and incorporates by reference the following General Objections into each of its specific responses to Plaintiff's Second Interrogatories. Time states these objections and responses are based on Time's reasonably diligent inquiry thus far. Time reserves the right to correct, amend and/or supplement these responses based on any additional information adduced.

1.

Time objects to any directions, definitions and instructions contained in Plaintiff's Second Interrogatories to the extent that they seek to impose upon Time any obligations or



INTERROGATORY NO. 2:

Describe how You process and fulfill magazine subscriptions that are generated by third parties, including the manner in which You are provided with such subscribers' names, mailing addresses, and magazine subscription titles.

RESPONSE TO INTERROGATORY NO. 2:

In addition to its General Objections, Time objects to Interrogatory No. 2 because it is overbroad and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.



INTERROGATORY NO. 3:

Identify all third parties that You allowed access Your "subscriber database" (as that term is used in Your Response to Plaintiff's First Set of Interrogatories, Interrogatory No. 9) and, for each such third party, identify the categories of information that You allowed them to access and, if known, the purpose(s) for which they accessed such information.

RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections, Time objects to Interrogatory No. 3 because it is overbroad and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Time objects to Interrogatory No. 3 as vague and ambiguous, particularly with respect to the term "access."



INTERROGATORY NO. 4:

Identify all third parties, other than "list rental customers" (as that term is used in Your Response to Plaintiff's First Set of Interrogatories, Interrogatory No. 9), to whom You shared, sold, transmitted, provided access to, or otherwise disclosed Your Customers' Personal Reading Information.

RESPONSE TO INTERROGATORY NO. 4:

In addition to its General Objections, Time objects to Interrogatory No. 4 because it is overbroad and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that as written, Interrogatory No. 4 requests the name of every single entity that received any information about any subscriber to any Time magazine during the 6 years prior to the filing of the Complaint. Further, Time objects to the interrogatory to the extent it assumes that list rental customers themselves receive names, addresses, and magazines subscribed as part of their list rental. Time further objects to Interrogatory No. 4 as vague and ambiguous, particularly with respect to the term "access."



7



INTERROGATORY NO.5

Identify any and all facts and Documents supporting Your Fifth Affirmative Defense, that "[a]ny complained of disclosures were done for 'the exclusive purpose of marketing goods and services directly to the consumer.'"

RESPONSE TO INTERROGATORY NO. 5:

In addition to its General Objections, Time objects to Interrogatory No. 4 because it is overbroad and unduly burdensome. Time further objects to Interrogatory No. 7 as calling for legal conclusions and for information subject to attorney-client and/or work product privileges.

Subject to and without waiving the foregoing objections and the General Objections, Time states that it has produced documents in response to Plaintiff's previous requests for production that support its defense, including documents bearing Bates numbers Time_RCO_

INTERROGATORY NO. 7

Identify any and all facts and documents supporting Your Thirteenth Affirmative Defense, that "[T]his action cannot properly be brought as a class action and the requirements of Rule 23, Fed. R. Civ. P., for certification are not, and cannot be, met in this action."

RESPONSE TO INTERROGATORY NO. 7

In addition to its General Objections, Time objects to Interrogatory No. 7 as calling for legal conclusions and for information subject to attorney-client and/or work product privileges. Time further objects to Interrogatory No. 7 because it is premature in that the plaintiff has not yet moved to certify the class. Subject to and without waiving the foregoing objections and the General Objections, Time states that it will respond with its relevant objections at the appropriate time as dictated by plaintiff's motion to certify the class.

Dated: February 9, 2015

As to objections:

_____

Robert M. Jackson (P40723)
Arthur T. O'Reilly (P70406)
Honigman Miller Schwartz and Cohn, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
(313) 465-7430
rjackson@honigman.com
aoreilly@honigman.com

Marc Zwillinger
Jeffrey Landis
Jacob Sommer
ZwillGen PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
202) 706-5205
marc@zwillgen.com
jake@zwillgen.com
jeff@zwillgen.com

*Attorneys for Defendant Time Inc.*

## CERTIFICATE OF SERVICE

I, Jacob A. Sommer that on February 9, 2015, a copy of the foregoing was served upon the following individuals via email and U.S. Mail:

    Ari J. Scharg
    Nick Larry
    Edelson LLC
    350 North LaSalle, Suite 1300
    Chicago, Illinois 60654
    Tel: (312) 589-6370
    ascharg@edelson.com
    nlarry@edelson.com

*Counsel for Plaintiff Rose Coulter-Owens*

                                    Jacob A. Sommer