# Exhibit E
# (filed under seal)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIME INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

### OBJECTIONS AND RESPONSES OF TIME INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Time Inc. ("Time") objects and responds to Plaintiff's First Set of Interrogatories to Defendant Time Inc. ("Plaintiff's First Interrogatories") as follows:

### GENERAL OBJECTIONS

Time hereby adopts and incorporates by reference the following General Objections into each of its specific responses to Plaintiff's First Interrogatories. Time states that the parties are currently in the early stages of discovery and that these objections and responses are based on Time's reasonably diligent inquiry thus far. Time reserves the right to correct, amend and/or supplement these responses based on information adduced in discovery.

1.

Time objects to any directions, definitions and instructions contained in Plaintiff's First Interrogatories to the extent that they seek to impose upon Time any obligations or

1

INTERROGATORY NO. 3:

Describe the various ways in which Persons residing in Michigan could purchase a subscription to any of Your magazines, including the various processes by which they purportedly agree to any applicable terms and conditions, Privacy Policies, contracts, agreements, or other written understandings.

RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections, Time objects to Interrogatory No. 3 because it is overbroad and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Time further objects to Interrogatory No. 3 because it is vague and ambiguous, particularly with respect to the terms "contracts, agreements, or other written understandings."



INTERROGATORY NO. 4:

Identify any and all applicable terms and conditions, Privacy Policies, contracts, agreements, or other written understandings You contend govern the relationship between You and Plaintiff, and Describe how each such document was presented or displayed to her.

RESPONSE TO INTERROGATORY NO. 4:

In addition to its General Objections, Time objects to Interrogatory No. 4 because it is overbroad and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Time further objects to Interrogatory No. 4 because it is vague and ambiguous, particularly with respect to the terms "contracts, agreements, or other written understandings."



7

INTERROGATORY NO.5

Describe the manner in which Plaintiff purchased her magazine subscriptions from You, including the processes by which You contend she agreed to any applicable terms and conditions, Privacy Policies, contracts, agreements, or other written understandings.

RESPONSE TO INTERROGATORY NO. 5:

Time further objects to Interrogatory No. 5 because it is vague and ambiguous, particularly with respect to the terms "contracts, agreements, or other written understandings." Time further objects to Interrogatory No. 5 to the extent that it assumes that Plaintiff purchased her magazine subscription from Time as opposed to from a third party.



INTERROGATORY NO. 6

Identify the categories of information that Your Customers are required to provide to You in order to purchase magazine subscriptions from You.

and/or Person identified in Your response to Interrogatory No. 7.

RESPONSE TO INTERROGATORY NO. 8

In addition to its General Objections, Time objects to Interrogatory No. 8 because it is overbroad and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Time further object to Interrogatory No. 8 as vague and ambiguous, particularly with respect to the term "reason(s)."



INTERROGATORY NO. 9

Identify each and every company, entity, third party and/or Person to which You shared, sold, transmitted, or otherwise disclosed Plaintiff's Personal Reading Information at any time during the 6 years prior to the filing of the Complaint, and for each, Identify the categories of information disclosed and the dates that such disclosures were made.

RESPONSE TO INTERROGATORY NO.9



INTERROGATORY NO. 10

Identify any and all monies or other benefits that You received from sharing, selling, transmitting, or disclosing Your Customers' Personal Reading Information during the 6 years prior to the filing of the Complaint (broken down by year).

RESPONSE TO INTERROGATORY NO. 10

In addition to its General Objections, Time objects to Interrogatory No. 10 because it is overbroad and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, revenues generated by disclosures of information relating to non-Michigan residents are irrelevant to this action. Time further objects to Interrogatory No. 10 on the ground that it is vague and ambiguous, particularly with respect to the term "benefits."



INTERROGATORY NO. 11

Identify and Describe Your policies and procedures, both written and oral, Relating to the collection, sale, transmission, and/or disclosure of Your Customers' Personal Reading

INTERROGATORY NO. 14

Describe the various way(s) in which You contend that You have obtained Your Customers' written permission to trade, share, sell, transmit, or otherwise disclose their Personal Reading Information.

RESPONSE TO INTERROGATORY NO. 14

In addition to its General Objections, Time objects to Interrogatory No. 14 because it is overbroad and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Time further objects to Interrogatory No. 14 as calling for legal conclusions and for information subject to attorney-client and/or work product privileges.



INTERROGATORY NO. 15

Identify all facts that support Your contention that You informed Your Customers, including Plaintiff, that they may opt out of having their Personal Reading Information disclosed by You to third parties, and if so, Describe how You provided such notice.

14

INTERROGATORY NO. 18

Identify each Person whom You expect to call as an expert witness at trial, and for each Person, Identify (a) the conclusions and/or opinions of such Person, (b) the bases thereof; and (c) the qualifications of the Person to render such opinion.

RESPONSE TO INTERROGATORY NO. 18

Time objects to Interrogatory No. 18 because it is premature in that under the current scheduling order, witness lists do not need to be filed until September 8, 2014. Subject to and without waiving the foregoing objection, and the General Objections, Time states that the parties will engage in the mutual exchange of expert disclosures (if any) at the appropriate time as dictated by a pre-trial or other applicable order of the Court.

Dated: August 1, 2014

As to objections:

_____
Robert M. Jackson (P40723)
Arthur T. O'Reilly (P70406)
Honigman Miller Schwartz and Cohn, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
(313) 465-7430
rjackson@honigman.com
aoreilly@honigman.com

Marc Zwillinger
Jeffrey Landis
Jacob Sommer (*application for admission pending*)
ZwillGen PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
202) 706-5205
marc@zwillgen.com
jake@zwillgen.com
jeff@zwillgen.com

*Attorneys for Defendant Time Inc.*