IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIME INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

## DECLARATION OF KARAN SIMONEAU IN SUPPORT OF TIME'S OPPOSITION TO PLAINTIFF'S CLASS CERTIFICATION MOTION

I, Karan Simoneau, hereby declare as follows:

1. I have been employed by Time Inc. ("Time") since 1995. My current position is Executive Director, Marketing Operations. I have been in this position since 2009. I make the statements in this declaration based upon my personal knowledge. If called upon to do so, I could and would testify thereto under oath.

2. Time enters into agreements with numerous third-parties that allow those third parties to sell subscriptions to Time-published magazines to consumers as part of various programs or promotions.

3. Between January 2007 and January 2013, Time authorized approximately ▆ such programs and promotions for TIME Magazine, ▆ for Fortune, and ▆ for Real Simple.

1

4. When a person purchases a subscription from a third-party as part of a program/promotion, Time is provided the name of the third-party from whom the person purchased and the name of the program/promotion the purchase came through.

5. In some instances, the third-party or program/promotion name will suggest the particular method (*e.g.* over the Internet or phone or using a mail-order form or voucher) a person used to purchase their subscription from the third-party.

6. For example, someone that purchased a subscription from ▇ as part of the program/promotion "▇" purchased their subscription over the Internet.

7. In many instances, however, Time cannot determine the particular method a person used to purchase his or her subscription from a third-party.

8. In certain of those instances the names of the third-party and the program/promotion do not suggest the subscription method, and the third-party does not otherwise provide such information to Time. For example, third-party ▇ ▇ Time cannot tell from that information, however, the method or methods consumers could use to purchase subscriptions to TIME magazine from ▇ Similarly, ▇

███████████████████████████████ Time cannot tell from that information the method or methods consumers could use to purchase subscriptions to Real Simple from ████████.

9. Time also cannot determine the method a particular person used to purchase his or her subscription from a third-party in many instances because the third-party program/promotion offered multiple methods by which a person could purchase their subscription from the third-party.

10. For example, ████████████████████████████████

████████████████████████████████████████████████████████

████████ That type of program/promotion allowed for multiple methods by which a person could purchase the subscription, such as over the Internet or phone or using a mail order form or voucher. And while Time can tell from its records that a particular person purchased a subscription from ████████████ ████ as part of that particular promotion, Time would not know the method by which the person purchased their subscription.

11. Similarly, ████████████████████████████

████████████████████████████████████████████████████████ Those programs/promotions too allowed for multiple methods by which a person could

3

purchase the subscriptions. And while Time can tell from its records that a particular person purchased a subscription from ▮▮▮▮▮▮▮▮▮▮ as part of those particular promotions, Time would not know the method by which the person purchased their subscriptions.

I declare the following under penalty of perjury that the foregoing is true and correct. Executed in New York, NY on April 7, 2015.

*Karan Simoneau*
Karan Simoneau