# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIME INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

## PLAINTIFF'S REPLY IN SUPPORT OF
## HER MOTION FOR CLASS CERTIFICATION

Ari J. Scharg
ascharg@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370

Henry M. Scharg
hmsattyatlaw@aol.com
LAW OFFICE OF HENRY M. SCHARG
718 Ford Building
Detroit, MI. 48226
Tel: (248) 596-1111
Fax: (248) 671-0335

*Counsel for Plaintiff Rose Coulter-Owens and the putative Class*

Time concedes that it systematically and uniformly discloses to third parties the full names, addresses, and subscription titles of a sufficiently numerous class of Michigan consumers without their written consent and before providing them with written notice that the disclosures are occurring. Faced with a clear-cut instance where class certification should be granted, Time takes a shotgun approach in its opposition, making various arguments regarding the implied ascertainability requirement and the Rule 23 factors. For the reasons that follow, none of them prevent certification.

I.  **The Proposed Class Is Ascertainable.**

Time's ascertainability argument is meritless. The Sixth Circuit states that for a class to be ascertainable, "the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) (internal quotation omitted). Here, class membership relies solely on four objective criteria: residency, magazine purchased, time period, and method of purchase. For this reason alone, the class is ascertainable.[1]

Time argues that its records are insufficient to identify members of the class. That argument, while false (*see infra*, n. 2), misses the mark because whether

---

[1]   Any issues with the proposed definition can be cured through the Court's "broad discretion" to modify the class definition. *See Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).

1

Time's database is sufficient *by itself* to identify all class members is irrelevant to ascertainability. "The relevant question … is not whether the Court can compile a complete list of class members from the information in the record, but rather whether the class *definition* is precise enough to allow the Court to determine whether a particular person falls within its scope." *Cole v. City of Memphis*, No. 2:13-CV-02117-JPM, 2014 WL 8508560, *7 (W.D. Tenn. Sept. 29, 2014) (emphasis in original). Here, by referencing four straightforward objective criteria, the class definition is precise enough to determine class membership.

Time also asserts that (1) because people sometimes give magazine subscriptions as gifts, it can't identify whether a recipient was the "purchaser" and therefore a member of the proposed class, and (2) "in many instances" it cannot determine how the subscription was purchased (*i.e.*, through a web site). But whether any individual satisfies the objective criteria of "purchaser" and "through a third-party website" can easily be determined from Time's records, (*see infra* n. 2), or by a simple inquiry either to the individual, the third-party seller, or both, which numerous courts have found presents no obstacle to ascertainabilty. *See, e.g., Frey v. First Nat'l Bank Sw.,* No. 13-10375, 2015 WL 728066, *5 (5th Cir. Feb. 20, 2015) (inquiry to individuals and third parties); *Kinder v. United Bancorp, Inc.*, No. 11-CV-10440, 2012 WL 4490874, *5 (E.D. Mich. Sept. 28, 2012) (inquiry to individuals); *Christy v. Heritage Bank,* No. 3:10-cv-0874, 2013 WL

2

6858008, *5-6 (M.D. Tenn. Nov. 8, 2013) (inquiry to third parties). Simply put, Time's supposed inability to compile a list of class members in no way renders the class unascertainable. As the Sixth Circuit has noted, defendants cannot "escape class-wide review due solely to … the manner in which their business records were maintained." *Young*, 693 F.3d at 540.[2]

In addition, Time confusingly argues that the class is not ascertainable because anybody that purchased a subscription through a third-party website did not purchase "at retail" as required by the statute. But that's not an argument against ascertainability or even a class certification; it's a merits argument. Further, that argument raises a legal question with an answer common to all class members, which ultimately *supports* class certification.

## II. No Individual Issues Exist Precluding Certification.

Time makes a series of related arguments that Rule 23's commonality,[3]

---

[2] Regardless, Time provides absolutely no evidentiary support for its assertion that "there is no way to identify" whether a subscriber purchased the magazine themself or received it as a gift (Resp. at 14), and to the contrary, its own records contain precisely that information. *See* Scharg Decl. ¶¶ 2, 4 (█████████ █████████). Similarly, the only four examples amounting to the "many instances" Time says it cannot tell how a person subscribed through a third party agent (Resp. at 15), █████ █████████████████████████████████. *See id.* ¶¶ 5-16.
Time ignores that there need only be one common question to certify a class. *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013). Here, the uniform information disclosed, to whom it is disclosed, and Time's lack of subscriber consent more than satisfies this standard.

3

typicality, adequacy, and predominance prerequisites have not been met because four "individualized" issues exist. Time is wrong on each account.

***Disclosures to Wiland.*** First, Time argues that whether it honored a class member's request not to have their information disclosed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ must be resolved individually. But Time's focus on Wiland ignores that it (i) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, (*see* Mot. at 11 n.8.), and (ii) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* at 11). Thus, *all* class members share claims related to the Acxiom disclosures.

Further, Time's Wiland opt-out argument merely speculates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But not only is Time's speculation legally insufficient, *Am. Copper & Brass, Inc. v. Lake City Indus. Prods.*, Inc., 757 F.3d 540, 545 (6th Cir. 2014), even if some class members actually did opt out, Time knows exactly who those individuals are and can easily retrieve them—collectively, not individually—by querying their database. *See* Scharg Decl. ¶¶ 2, 3.

***Opt-out Notice.*** Time next argues that whether class members were given written notice that they could opt-out of having their information disclosed is an individual issue that defeats certification. But the provision of written opt-out

4

notice is relevant only if the disclosures were for the exclusive purpose of direct marketing, MCL § 445.1713(d), which is ultimately a legal question common to all class members. Predominance is met where a threshold question is subject to a common answer, even where subsequent questions may be individual. *See, e.g., Villalpando v. Exel Direct Inc.*, 303 F.R.D. 588, 608 (N.D. Cal. 2014). Regardless, the answer to the threshold question is no, meaning that the sufficiency of the opt-out notice will never even be reached on the merits. (*See* Mot. at 18 n. 11.)

Further, even if this Court does get to the sufficiency of the opt-out notices, they are irrelevant to the disclosures to Axiom, and Time's authority on this issue doesn't come close to supporting its position. In *In re Onstar*, the Court found that—unlike here where Time's notices were nearly identical and undoubtedly "substantially similar"—there were "unique circumstances" where each consumer had "individual interactions with sales persons" and received "different documents with different forms disclosures" over time. 278 F.R.D. 352, 377-78 (E.D. Mich. 2011). Likewise, in *Sprague v. G.M. Corp.*, the court concluded plaintiff's estoppel claim—requiring proof of what statements were made, how they were interpreted, and whether they were justified in relying on them—could not be decided on a class basis due to the "wide variety of representations made," variations in "subjective understandings," and reliance. 133 F.3d 388, 398 (6th Cir. 1998).

Unlike in those cases, the opt-out notice question here can be answered

5

simply by looking at Time's "substantially similar" disclosures, which were made in the magazines, in bills, and in renewal notices.[5] Because the language of the VRPA only requires that written notice be made, and not received, M.C.L. § 445.1713(d), the content's sufficiency is a common legal question that can be determined as a matter of law by simply reading the notice, and does not depend on any individual interactions or subjective understandings. *Jackson v. Detroit Med. Ctr.,* 278 Mich. App. 532, 544-45, 753 N.W.2d 635, 642 (2008).

*"**Actual Notice Defense**".* Time's argument that the "actual notice defense" is an individual issue defeating certification is a nonstarter. "Actual notice" is not a defense to the VRPA. Consent under the statute requires "written permission," M.C.L. § 445.1713(a), and Time does not dispute that written consent is lacking here, (*see* Mot. at 17).[6] Time's cases are inapposite, as each involves a claim that expressly recognizes actual knowledge of the wrongdoing as a defense. *In re OnStar*, 278 F.R.D. at 377-79 (involving MCPA fraudulent omission claim with requirement that "the omitted fact could not be reasonably known by that customer"); *Gary Plastic v. Merrill Lynch*, 903 F.2d 176, 179 (2d Cir. 1990) (involving fraud claim where knowledge of the fraud is a defense); *In re Google*

---

[5] Because the class is defined to be only those who purchased subscriptions from third-party websites, any terms or policies on Time's websites are irrelevant.
[6] Even if "actual notice" were a defense, Time's failure to plead it prevents its use to defeat class certification. *Rahim v. Sheahan*, No. 99 C 0395, 2001 WL 1263493, at *7 (N.D. Ill. Oct. 19, 2001).

6

*Inc. Gmail Litig.*, 2014 WL 1102660, *13-15 (N.D. Cal. March 18, 2014) (involving Wiretap Act claim with exemption for implied consent where "the party whose communications were intercepted knew of such interceptions").

***Damages.*** Time argues that plaintiff must proceed on a "theory of actual harm," which is individualized, as opposed to authorized statutory damages. It's lone authority says no such thing and regardless, "[c]ommon issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues." *Bobbitt v. Acad. of Court Reporting, Inc.*, 252 F.R.D. 327, 343 (E.D. Mich. 2008).

**III.   A Class Action is the Superior Method of Resolving the VRPA Claim.**

Finally, Time argues that a class action is not superior to other adjudication methods because class members can bring individual suits. But this argument attacks a straw man created by Time. Plaintiff's motion explained that a single class action is superior to multiple individual suits because (1) class treatment preserves judicial resources, and (2) class members are unlikely to discover and thus vindicate wrongs against them. (Mot. at 23-24.) Those reasons—unchallenged by Time—render a class action superior here, regardless of whether the VRPA creates incentives to bring individual actions.

Dated: April 22, 2015                               Respectfully submitted,

                                                    By: /s/ Ari J. Scharg
                                                        One of Plaintiff's attorneys

## CERTIFICATE OF SERVICE

    I, Ari J. Scharg, an attorney, certify that on April 22, 2015, I served the above and foregoing ***Plaintiff's Reply in Support of Her Motion for Class Certification*** by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                        /s/ Ari J. Scharg