# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>TIME INC., a Delaware Corporation,<br><br>        Defendant. | Case No. 12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

## SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| Marc Zwillinger<br>Jacob Sommer<br>Jeffrey Landis<br>ZWILLGEN PLLC<br>1900 M St. NW, Ste. 250<br>Washington, DC 20036<br>(202) 706-5205<br>marc@zwillgen.com<br>jake@zwillgen.com<br>jeff@zwillgen.com | Robert M. Jackson (P40723)<br>Arthur T. O'Reilly (P70406)<br>HONIGMAN MILLER SCHWARTZ AND COHN, LLP<br>660 Woodward Avenue<br>2290 First National Building<br>Detroit, MI  48226<br>(313) 465-7400<br>rjackson@honigman.com<br>aoreilly@honigman.com |

Plaintiff's Reply Memorandum (the "Reply") fails to address the many problems with Plaintiff's proposed class identified in Time's Opposition to Plaintiff's Class Certification Motion (the "Class Certification Opposition").  This sur-reply is not meant to address all of those failings.  Rather, it is for the limited purpose of addressing inaccurate statements in the Declaration of Ari Scharg ("Scharg Declaration"), the correction of which further demonstrate that Plaintiff's proposed class is not ascertainable.

In its Class Certification Opposition, Time pointed out that the proposed class is not ascertainable because membership turns on whether a person is the *purchaser* of the magazine, not the *subscriber*.  *See* Opp. at 13-15. This is because a purchaser is not always a subscriber, and thus there is no way to identify class members without asking the individual third party sellers who purchased each and every subscription.  *Id.*  In support of this argument, Time gave the examples of purchasers subscribing their spouses or parents, or giving gift subscriptions. *Id.*

The Reply tries to counter this point by arguing that Time's records show whether a subscriber purchased the magazine themselves or received it as a gift. Reply at 3, n.2.  Plaintiff's lone support for this argument is the Scharg Declaration's claim that a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Scharg Declaration's

interpretation of this ▮▮▮ document, however, is incorrect in two significant ways. First, Time does not receive information regarding who purchased the magazine when a subscription is purchased from third parties (as would be the case for all proposed class members here). *See* Supplemental Declaration of Karan Simoneau in support of Time's Opposition to Plaintiff's Motion for Class Certification ("Supp. Simoneau Decl.") ¶ 4. Rather, Time receives only information about the named subscriber necessary to send them the magazine (like name and address). ▮▮▮ *Id* ¶ 5. [1]

▮▮▮ *Id.* ¶ 7.

Time's Class Certification Opposition further pointed out that even if class membership were based on a person being the subscriber, the class is still not ascertainable because in many instances Time cannot tell how (*i.e.*, over the phone, through the mail, or using the Internet) a person subscribed when they did so through a third party. The Reply (again relying solely on the Scharg Declaration)

---

[1] Even if the ▮▮▮ field were populated it would still not solve the ascertainability problem because all it would do is identify that a particular subscription was purchased by someone other than the subscriber. It would not identify who the purchaser (and thus class member) was.

2

counters that the examples Time gave ▮▮▮▮▮ Scharg Declaration ¶¶ 8-16. That figure is incorrect. The examples in the first Simoneau Declaration were just that—examples. (*See e.g.,* Simoneau Decl. ¶ 8 ("For example, third party ▮▮…"); ¶ 10 ("For example, third party ▮▮…").) Of the entire universe of those programs/promotions that *might* have allowed a person to subscribe via a third party's website (*i.e.*, were not programs/promotions that offered subscriptions only via mail or telephone), the percentage of third party subscriptions where Time cannot identify whether an individual subscribed via such a website as opposed to through some other method because the third party did not provide such information, or because it offered multiple ways to subscribe, is approximately 58%, not ▮▮ as Mr. Scharg argues. *See* Supp. Simoneau Decl. ¶ 12.[2]

Dated: April 29, 2015
/s/ Jeffrey Landis
Jeffrey Landis (pro hac vice)
ZwillGen PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
(202) 706-5203

*Counsel for Defendant Time Inc.*

---

[2] The Scharg Declaration's 1.5% figure is also inaccurate because it uses as the denominator for its calculation the total number of third party subscriptions from 2007 through 2013, even though the proposed class period does not begin until March 31, 2009.

3