IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIME INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

**SUPPLEMENTAL DECLARATION OF KARAN SIMONEAU IN SUPPORT OF TIME'S OPPOSITION TO PLAINTIFF'S CLASS CERTIFICATION MOTION**

I, Karan Simoneau, hereby declare as follows:

1. I have been employed by Time Inc. ("Time") since 1995. My current position is Executive Director, Marketing Operations. I have been in this position since 2009.

2. I have reviewed the April 22, 2015 Declaration of Ari Scharg ("Scharg Declaration") as well as Plaintiff's Reply in Support of Her Motion for Class Certification. I make the statements in this declaration based upon my personal knowledge. If called upon to do so, I could and would testify thereto under oath.

3. Paragraph 4 of the Scharg Declaration states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1


██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

4. In instances where a person purchases a subscription from a third party, Time does not receive information regarding who purchased the magazine. In such instances, Time receives only information about the named subscriber, such as name and address, to enable Time to send him or her the magazine.

5. Accordingly, where a subscription is purchased from a third party, ███ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████ Time would not be able to tell from its own records whether the subscriber in Time's records purchased the subscription himself or herself, or had the subscription purchased for him or her by someone else.

6. Paragraph 4 of Scharg Declaration further states that ██████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████

7. ████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████ And, as noted above, when a subscription is

purchased from a third party, Time does not receive information regarding whether the named subscriber is a donor or giftee.

8. ██████████████████████████████████████

9. This percentage appears to be based on the four third party arrangements I specifically identified in my first declaration. Those instances, however, were just examples of instances where Time will not be able to tell the particular method a person used to subscribe through a third party. They were not meant to be an exhaustive listing of such instances.

10. As I stated in my original declaration, in some instances where a person subscribes to a Time magazine through a third party program/promotion, Time can determine the particular method the person used to purchase that subscription based on the name of the particular third party program/promotion. For example, someone that purchased a subscription from ████ as part of the program/promotion ████████████ likely purchased their subscription over the Internet.

11. In many instances, however, Time cannot determine the particular method a person used to purchase his or her subscription from a third-party

3

because the method is not evident from the name of the particular program/promotion and the third party did not provide such information, or because the third party offered multiple ways to subscribe.

12. Based on my review of the relevant third party/programs, of the total universe of those programs/promotions that *might* have allowed a person to subscribe via a third party's website (*i.e.*, were not programs/promotions that offered subscriptions only via mail or telephone), the percentage of third party subscriptions where Time cannot identify whether an individual subscribed via such a website as opposed to some other method because the third party did not provide such information, or because it offered multiple ways to subscribe, is approximately 58%, not ▓▓▓.

I declare the following under penalty of perjury that the foregoing is true and correct. Executed in New York, NY on April 28, 2015.

*Karan Simoneau*
_____
Karan Simoneau