# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually, and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>TIME INC., a Delaware Corporation,<br><br>                Defendant. | Case No. 2:12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

## UNOPPOSED MOTION FOR ORDER PERMITTING PLAINTIFF TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND EXHIBITS UNDER SEAL

Pursuant to Local Rules 5.3(b) and 26.4, Plaintiff Rose Coulter-Owens ("Plaintiff") hereby respectfully requests that the Court enter an Order permitting Plaintiff to file under seal her Response to Defendant's Motion for Summary Judgment and certain of its accompanying exhibits. Plaintiff certifies that, pursuant to Local Rule 7.1(a), there was a conference between attorneys for Plaintiff and attorneys for Defendant Time, Inc. ("Time") and Time's attorneys indicated that they would not oppose the relief sought in this Motion.

**WHEREFORE**, Plaintiff Rose Coulter-Owens respectfully requests that this Court enter an Order (i) granting Plaintiff's Motion to File her Motion for Summary Judgment and Exhibits Under Seal, and (ii) providing such other and further relief as the Court deems reasonable and just.

Dated: October 1, 2015				Respectfully submitted,

**ROSE COULTER-OWENS**, individually and on behalf of all others similarly situated

By: /s/ Ari J. Scharg
 One of her attorneys

Ari J. Scharg
ascharg@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 N. LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

Henry M. Scharg —P28804
hmsattyatlaw@aol.com
LAW OFFICE OF HENRY M. SCHARG
3718 Ford Building
Detroit, Michigan 48226
Tel: 248.596.1111
Fax: 248.596.1578

*Class Counsel*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually, and on behalf of all others similarly situated, | Case No. 2:12-cv-14390-GCS-MKM |
| Plaintiff, | Hon. George C. Steeh |
| v. | |
| TIME INC., a Delaware Corporation, | |
| Defendant. | |

**BRIEF IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR ORDER PERMITTING PLAINTIFF TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND EXHIBITS UNDER SEAL**

# STATEMENT OF ISSUES PRESENTED

Should Plaintiff Rose Coulter-Owens be permitted to file her Response to Defendant's Motion for Summary Judgment and certain of its accompanying exhibits under seal?

Plaintiff's Answer: Yes.

# CONTROLLING AND MOST IMPORTANT AUTHORITY

E.D. Mich. L.R. 5.3

E.D. Mich. L.R. 26.4

Plaintiff Rose Coulter-Owens ("Plaintiff") submits this brief in support of her unopposed motion to file her Response to Defendant's Motion for Summary Judgment and certain of its accompanying exhibits under seal. Plaintiff's Response to Defendant's Motion for Summary Judgment and its exhibits reference and contain documents that have been designated as "Confidential" by Defendant Time Inc. ("Time") pursuant to the Protective Order previously entered in this case. (Dkt. 69.) Per Time's designations, those documents contain information considered sensitive and/or proprietary by Time and/or Time's third party vendors.

It is well settled that all courts have supervisory power over their own records and files, and may deny access "where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983) (noting that legitimate interests to limit public access include "certain privacy rights of participants or third parties [and] trade secrets"); *Turner v. Bresette*, 2012 WL 4511244, at *2 (E.D. Mich. Sept. 30, 2012) ("The Court may order that documents containing private or sensitive information be filed under seal.") (citing E. D. Mich. L. R. 5.3). A party seeking to file a document under seal must demonstrate "compelling reasons" for doing so. *White v. GC Servs. Ltd. P'ship*, 2009 WL 174503, at *1 (E.D. Mich. Jan. 23, 2009) (citing *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987)).

1

Here, compelling reasons exist to allow Plaintiff to file her Response to Defendant's Motion for Summary Judgment and its exhibits under seal. Plaintiff's Response to Defendant's Motion for Summary Judgment and its accompanying exhibits reference and contain information deemed sensitive and/or proprietary—and that is marked "Confidential" by Time—pursuant to the Protective Order entered in this case. Pursuant to Local Rule 5.3(b)(2)(A)(iv), a means other than sealing these documents is not available or is unsatisfactory to preserve Time's interests in protecting the private and sensitive information contained therein.

### *Documents Requested to be Filed Under Seal*

1. An un-redacted version of Plaintiff's Response to Defendant's Motion for Summary Judgment. This document contains detailed references to the exhibits listed below, which contain sensitive and/or proprietary information marked Confidential by Time pursuant to the Protective Order. This document also contains references to the materials and information filed by Time in connection with its Motion for Summary Judgment, which were filed under seal.

2. Exhibit B to Declaration of Ari J. Scharg ("Scharg Declaration") (filed contemporaneously with Plaintiff's Motion for Summary Judgment). This document consists of excerpts from Defendant's Responses to Plaintiff's First Set of Interrogatories, which contain sensitive and/or proprietary information marked Confidential by Time pursuant to the Protective Order

3. Exhibit C to the Scharg Declaration. This document consists of excerpts from the deposition of Time's Rule 30(b)(6) designee Scott Breininger, which contain sensitive and/or proprietary information marked Confidential by Time pursuant to the Protective Order.

4. Exhibit D to the Scharg Declaration. This document consists of excerpts from Defendant's Responses to Plaintiff's Second Set of Interrogatories, which contain sensitive and/or proprietary information marked Confidential by Time pursuant to the Protective Order.

5. Exhibit E to the Scharg Declaration. This document contains the file specifications for uploading customer data to Time's FTP database and was produced by Time as TIME_RCO_047660-68 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Time pursuant to the Protective Order

6. Exhibit F to the Scharg Declaration. This document is an agreement between Time and third-party Wiland Direct (entitled "Wiland Direct Cooperative Database Agreement for Publishers") that was produced by Time as Bates TIME_RCO_000212-222 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Time pursuant to the Protective Order.

7. Exhibit H to the Scharg Declaration. These documents amend the

3

agreement between Time and third party Wiland Direct (entitled "Database Agreement Addendum Adding New Brands") and were produced by Time as Bates TIME_RCO_008051, 8059, and 8088 in this matter. These documents contain sensitive and/or proprietary information marked Confidential by Time pursuant to the Protective Order.

      8.     Exhibit I to the Scharg Declaration. This document is an agreement between Time and third-party Acxiom Corporation (entitled "Amended and Restated Statement of Work #001 to Services and Data Use Agreement") that was produced by Time as Bates TIME_RCO_000885-995 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Time pursuant to the Protective Order.

      9.     Exhibit J to the Scharg Declaration. This document is an agreement between Time and third party Acxiom Corporation (entitled "Services and Data Use Agreement") that was produced by Time as Bates TIME_RCO_001001-20 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Time pursuant to the Protective Order.

      10.    Exhibit K to the Scharg Declaration. These documents are Wiland database materials and were produced by Time in this matter at Bates TIME_RCO_008093-8114. These documents contain sensitive and/or proprietary information marked Confidential by Time pursuant to the Protective Order.

11. Exhibit L to the Scharg Declaration. These documents list the participants of the Wiland program and their usage in 2010 and were produced by Time in this matter at Bates TIME_RCO_003644-49. These documents contain sensitive and/or proprietary information marked Confidential by Time pursuant to the Protective Order.

Wherefore, Plaintiff respectfully requests that this Court enter the Proposed Order submitted contemporaneously with the filing of this Motion.

Dated: October 1, 2015            Respectfully submitted,

           **ROSE COULTER-OWENS**,
individually and on behalf of all others similarly situated

By: /s/Ari J. Scharg
 One of her attorneys

Ari J. Scharg
ascharg@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 N. LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

Henry M. Scharg —P28804
hmsattyatlaw@aol.com
LAW OFFICE OF HENRY M. SCHARG
3718 Ford Building
Detroit, Michigan 48226
Tel: 248.596.1111

5

Fax: 248.596.1578

*Class Counsel*

## CERTIFICATE OF SERVICE

    I, Ari J. Scharg, an attorney, certify that on October 1, 2015, I served the above and foregoing ***Unopposed Motion for Order Permitting Plaintiff to File Response to Defendant's Motion for Summary judgment and Exhibits Under Seal***, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                /s/    Ari J. Scharg