# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIME INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

## OBJECTIONS AND RESPONSES OF TIME INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Time Inc. ("Time") objects and responds to Plaintiff's First Set of Interrogatories to Defendant Time Inc. ("Plaintiff's First Interrogatories") as follows:

### GENERAL OBJECTIONS

Time hereby adopts and incorporates by reference the following General Objections into each of its specific responses to Plaintiff's First Interrogatories. Time states that the parties are currently in the early stages of discovery and that these objections and responses are based on Time's reasonably diligent inquiry thus far. Time reserves the right to correct, amend and/or supplement these responses based on information adduced in discovery.

1.

Time objects to any directions, definitions and instructions contained in Plaintiff's First Interrogatories to the extent that they seek to impose upon Time any obligations or

1

foregoing objections and the General Objections, Time states that it will include with its production of documents in response to Plaintiff's First Set of Requests for Production of Documents a source for documents produced.

INTERROGATORY NO. 2:

Identify all steps You have taken to comply with Michigan's Video Rental Privacy Act, M.C.L. §§ 445.1711-15.

RESPONSE TO INTERROGATORY NO. 2:

In addition to its General Objections, Time objects to Interrogatory No. 2 because it is overbroad and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Time objects to this interrogatory as calling for legal conclusions and for information subject to attorney-client and/or work product privileges.

Subject to and without waiving the foregoing objections and the General Objections, based on its reasonably diligent inquiry, Time states that, among other ways it complies with M.C.L. § 445.1713(d), it discloses subscriber information to third parties to market goods and services directly to the consumer. Time informs subscribers of this practice through notices on, for example, Time's websites, its privacy policies, and in magazine issues subscribers receive. Time also generally does not disclose subscriber names and addresses directly to third parties that seek to market to its subscribers. Instead, for traditional direct mail marketing it discloses those names to mailing houses who then send marketing materials on behalf of the third party. For email marketing, Time does not disclose subscriber information to any third party, and instead sends any marketing messages on behalf of third parties.

For subscribers who subscribed through Time's website, or are subscribers to its digital publications, Time receives subscribers' consent to disclosures for marketing purposes when they subscribe through assent to Time's applicable privacy policies. M.C.L. § 445.1713(a).

INTERROGATORY NO. 3:

Describe the various ways in which Persons residing in Michigan could purchase a subscription to any of Your magazines, including the various processes by which they purportedly agree to any applicable terms and conditions, Privacy Policies, contracts, agreements, or other written understandings.

RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections, Time objects to Interrogatory No. 3 because it is overbroad and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Time further objects to Interrogatory No. 3 because it is vague and ambiguous, particularly with respect to the terms "contracts, agreements, or other written understandings."

Subject to and without waiving the foregoing objections and the General Objections, based on its reasonably diligent inquiry, Time states that individuals may subscribe by mail, using subscription cards found in editions of the magazines, by telephone, online, in retail stores, or through numerous third parties that offer subscriptions to Time Magazines, usually through agreements with Time's subsidiary Synapse. With regard to the "processes" by which subscribers agree to the terms and conditions, Privacy Policies, contracts, agreements, or other written understandings, subscribers agree by express consent, implied consent, and societal norms.

and/or Person identified in Your response to Interrogatory No. 7.

RESPONSE TO INTERROGATORY NO. 8

In addition to its General Objections, Time objects to Interrogatory No. 8 because it is overbroad and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Time further object to Interrogatory No. 8 as vague and ambiguous, particularly with respect to the term "reason(s)."

Subject to and without waiving the foregoing objections or the General Objections, based on its reasonably diligent inquiry, Time states that it disclosed certain information regarding subscribers to third parties either to market goods and services to its subscribers on its behalf or to allow third parties to market directly to its customers.

INTERROGATORY NO. 9

Identify each and every company, entity, third party and/or Person to which You shared, sold, transmitted, or otherwise disclosed Plaintiff's Personal Reading Information at any time during the 6 years prior to the filing of the Complaint, and for each, Identify the categories of information disclosed and the dates that such disclosures were made.

RESPONSE TO INTERROGATORY NO.9

Subject to and without waiving the General Objections, based on its reasonably diligent inquiry, Time states that Plaintiff's name and address were rented to Data Dynamix as part of a May 20, 2010 list rental seeking subscribers of Fortune Magazine residing in Iowa, Illinois, Indiana, Michigan, Minnesota, Missouri, Ohio, Texas, and Wisconsin on. Time's agent Acxiom, which manages Time's subscriber database, also had access to certain information regarding Plaintiff. Plaintiff's name and address were never rented to a list rental customer along with information indicating that she subscribed to Time Magazine.

INTERROGATORY NO. 18

Identify each Person whom You expect to call as an expert witness at trial, and for each Person, Identify (a) the conclusions and/or opinions of such Person, (b) the bases thereof; and (c) the qualifications of the Person to render such opinion.

RESPONSE TO INTERROGATORY NO. 18

Time objects to Interrogatory No. 18 because it is premature in that under the current scheduling order, witness lists do not need to be filed until September 8, 2014. Subject to and without waiving the foregoing objection, and the General Objections, Time states that the parties will engage in the mutual exchange of expert disclosures (if any) at the appropriate time as dictated by a pre-trial or other applicable order of the Court.

Dated: August 1, 2014

As to objections:

_____

Robert M. Jackson (P40723)
Arthur T. O'Reilly (P70406)
Honigman Miller Schwartz and Cohn, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
(313) 465-7430
rjackson@honigman.com
aoreilly@honigman.com

Marc Zwillinger
Jeffrey Landis
Jacob Sommer (*application for admission pending*)
ZwillGen PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
202) 706-5205
marc@zwillgen.com
jake@zwillgen.com
jeff@zwillgen.com

*Attorneys for Defendant Time Inc.*

17