UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>TIME INC., a Delaware Corporation,<br><br>     Defendant. | Case No. 12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

**UNOPPOSED MOTION FOR ORDER PERMITTING DEFENDANT TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND RELEVANT EXHIBITS UNDER SEAL**

  Pursuant to Local Rules 5.3(b) and 26.4, Defendant Time Inc. ("Time" or "Defendant") respectfully requests that the Court enter an Order permitting Defendant to file under seal certain portions of its Opposition to Plaintiff's Motion for Summary Judgment and certain relevant exhibits. Defendant certifies that, pursuant to Local Rule 7.1(a), there was a conference between attorneys for Defendant and attorneys for Plaintiff Rose Coulter-Owens ("Plaintiff") on October 1, 2015 and Plaintiff's attorneys indicated that they would not oppose the relief sought in this Motion.

  **WHEREFORE**, Time respectfully requests that this Court enter an Order (i) granting Defendant's Motion to file its Opposition to Plaintiff Motion for

1

Summary Judgment and Relevant Exhibits Under Seal, and (ii) providing such other and further relief as the Court deems reasonable and just.

Dated: October 1, 2015 /s/ Jeffrey Landis
Marc Zwillinger
Jeffrey Landis
Jacob Sommer
ZwillGen PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
(202) 706-5205
marc@zwillgen.com
jake@zwillgen.com
jeff@zwillgen.com

Robert M. Jackson (P40723)
Arthur T. O'Reilly (P70406)
Honigman Miller Schwartz and Cohn, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
(313) 465-7430
rjackson@honigman.com
aoreilly@honigman.com

*Counsel for Defendant Time Inc.*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROSE COULTER-OWENS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIME INC., a Delaware Corporation,<br><br>Defendant. | Case No. 12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

**BRIEF IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION
FOR ORDER PERMITTING DEFENDANT TO FILE OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
<u>AND RELEVANT EXHIBITS UNDER SEAL</u>**

1

## **STATEMENT OF ISSUES PRESENTED**

Should Defendant Time be permitted to file its Opposition to Plaintiff's Motion for Summary Judgment and certain of its accompanying exhibits under seal?

**Defendant's Answer: Yes.**

## **CONTROLLING AND MOST IMPORTANT AUTHORITY**

E.D. Mich. L.R. 5.3

E.D. Mich. L.R. 26.4

Defendant Time Inc. ("Time") submits this brief in support of its unopposed motion to file its Opposition to Plaintiff's Motion for Summary Judgment and certain of its accompanying exhibits, as well as the Declaration of Karan Simoneau under seal because these documents reference and contain documents and information that are "Confidential" pursuant to the Protective Order previously entered in this case. (Dkt. 69.) These confidential documents contain Time's and/or Time's service providers' sensitive and proprietary information, the publication of which could cause serious competitive or financial harm to Time and/or its service providers.

The right of public access to judicial records is not absolute, especially where the files may be improperly used. *Tilmon-Jones v. Bridgeport Music, Inc.,* No. 11-13002, 2013 WL 3279168, at *1-2 (E.D. Mich. June 4, 2013) (citing *Nixon v. Warner Comm.,* 435 U.S. 589, 597 (1978)). It is within the discretion of the district court to seal records where there are compelling reasons to justify non-disclosure. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473-476 (6th Cir. 1983). Documents that contain "private or sensitive information" are judicial records at risk of improper use and as such may be filed under seal. *Turner v. Bresette*, No. 11-15036, 2012 WL 4511244, at *2 (E.D. Mich. Sept. 30, 2012) (citing E.D. Mich. L.R. 5.3). Courts have also found that protecting the privacy rights of third parties is a compelling reason, as is the likelihood of serious

4

competitive or financial harm to a business, which may include disclosure of a party's confidential financial information. *See, e.g.*, *In re Knoxville News-Sentinel Co., Inc.* 723 F.2d at 477; *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743, 745-46 (E.D. Mich. 2001); *Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 791 (6th Cir. 2010); *Vetel Diagnostics, Inc. v. Bossardet*, No. 11-cv-14575, Order Authorizing Filing of Documents Under Seal, (E.D. Mich. Oct 12, 2012).

Here, there are compelling reasons to permit Time to file its Opposition to Plaintiff's Motion for Summary Judgment and certain of its accompanying exhibits, as well as the Declaration of Karan Simoneau under seal because these documents reference and contain information that is sensitive and/or proprietary, and therefore designated "Confidential" pursuant to the Protective Order entered in this case. Furthermore, these documents contain information that, if publicly disclosed, would cause competitive and financial harm to Time and/or its service providers. Sealing is the only available means to satisfactorily preserve the competitive and financial interest in protecting the private and sensitive information contained within these documents, as required under Local Rule 5.3(b)(2)(A)(iv).

5

*Documents Requested to be Filed Under Seal*

1. An un-redacted version of Defendant's Opposition to Plaintiff's Motion for Summary Judgment. This document contains detailed references to the exhibits listed below, which contain sensitive and/or proprietary information designated Confidential by Time and/or its service providers pursuant to the Protective Order.

2. Exhibit A to the Sommer Declaration. This document consists of a Services and Data Use Agreement between Time and Acxiom. This document contains sensitive and/or proprietary information designated Confidential by Time pursuant to the Protective Order.

3. Exhibit B to the Sommer Declaration. This document is the Declaration of Linda Moore of Acxiom and contains sensitive and/or proprietary information regarding the operation of Acxiom's systems and products as well as Time's interactions and relationship with Acxiom that Acxiom has requested be kept confidential.

4. Exhibit C to the Sommer Declaration. This document consists of a February 7, 2011 email chain between Time employees. This document contains sensitive and/or proprietary information designated Confidential by Time pursuant to the Protective Order.

5. Exhibit D to the Sommer Declaration. This document consists of a February 9, 2012 email chain between Time employees. This document contains sensitive and/or proprietary information designated Confidential by Time pursuant to the Protective Order.

6. Exhibit F to the Sommer Declaration. This document consists of a Resale Agreement between Time and Magazines.com. This document contains sensitive and/or proprietary information designated Confidential by Time pursuant to the Protective Order.

7. Exhibit G to Sommer Declaration. This document consists of a spreadsheet of third-party sale authorizations for TIME magazine. This document contains sensitive and/or proprietary information designated Confidential by Time pursuant to the Protective Order.

8. Certain portions of the Declaration of Karan Simoneau in Support of Time's Opposition to Plaintiff's Motion for Class Certification. This declaration contains sensitive and/or proprietary information regarding Time's interactions and relationship with various third-parties authorized to sell subscriptions to Time magazines.

Wherefore, Defendant respectfully requests that this Court enter the Proposed Order submitted contemporaneously with the filing of this Motion.

Dated: October 1, 2015 /s/ Jeffrey Landis
Marc Zwillinger
Jeffrey Landis
Jacob Sommer
ZwillGen PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
(202) 706-5205
marc@zwillgen.com
jake@zwillgen.com
jeff@zwillgen.com

Robert M. Jackson (P40723)
Arthur T. O'Reilly (P70406)
Honigman Miller Schwartz and Cohn, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
(313) 465-7430
rjackson@honigman.com
aoreilly@honigman.com

*Counsel for Defendant Time Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2015, I electronically filed the foregoing Unopposed Motion for Order Permitting Defendant to File Opposition to Motion for Summary Judgment and Exhibits Under Seal with the Clerk of the Court via the ECF system, which shall send a notification of such filing to all counsel of record.

/s/ Jeffrey Landis
Jeffrey Landis

10